Turley et al. *v.* The County of Logan.

GEORGE W. TURLEY *et al.,* Plaintiffs in Error, *v.* THE COUNTY OF LOGAN, Defendant in Error.

ERROR TO LOGAN.

The act of the General Assembly, which declares that a county seat shall not be changed, unless upon a petition of a majority of the voters, is merely advisory, and does not deprive the legislature of the right so to do without petition.

That a law appears on the statute book, properly signed, is not conclusive that it was passed by a constitutional vote; this may be tested by the journals.

The same legislature which passed a law, may correct its journals, at the same or a subsequent session, so as to make the truth appear; and this shows that a law received the proper vote for its passage.

Costs must depend not upon the merits of a case as it was presented, but as it appeared at the final hearing.

AT the session of the General Assembly of 1853, an act passed the legislature, for the removal of the seat of justice of Logan county, by a vote of the people.

In the fall after, the vote was taken, and resulted in favor of the removal.

The complainants filed their bill to restrain the county officers from erecting county buildings at the new location, on the ground that, as appeared by the journal, the act had not been read in the House of Representatives the full number of times required by the constitution; and so was no law.

The injunction, in the first instance, was allowed.

Afterwards, and in Feb. 1854, the same legislature met in extra session, and, on the recollection of members, and by the manuscript minutes of the clerk of the House of Representatives, amended its journal, so that it showed the bill, or act, had been read the requisite number of times.

At the ensuing term of court, the defendants filed their answer, averring that the bill had in fact been read the requisite number of times, and also averring the amendment of the journal as aforesaid, and thereon moved the court to dissolve the injunction.

On the hearing of the motion, the defendants proved the amendment of the journal as aforesaid.

The complainants offered no evidence. The court dissolved the injunction.

Afterwards complainants filed replication, the parties submitted the case to the court for final hearing without further pleading or proof, the proof made by the defendants on the motion to dissolve, to be considered by the court.

The court at September term, 1854, Davis, Judge, presiding, dismissed the bill, saying nothing about costs.

Complainants below have brought error.

J. T. Stuart, for Plaintiffs in Error.

A. Lincoln, for Defendant in Error.

Scates C. J. The only suggestion of a ground of equitable interference is dependent upon the fact stated, that the act of Feb. 14, 1853, for the removal of the county seat, &c., was not constitutionally enacted, and did not in fact become a law, it not having been read on three several days, nor such readings dispensed with, as is required by Sec. 23, Article 3, of the Constitution; and that in fact it was but once read. The additional fact is alleged that there was no petition by the citizens of the county, praying for an act for the removal of the county seat, as provided by law. Rev. Stat. 1845, p. 411, Chap. 82.

This latter act is merely directory and advisory, and cannot abnegate or abolish the power of subsequent legislatures, who

may in their discretion legislate without petition, and such legislation, will be an implied repeal of that law, in every such instance. The provision of the constitution is mandatory. But when the number of readings are shown and on the same day, a strong and *prima facie* implication arises, that the legislature deemed it expedient to dispense with the rule fixing several days for the several readings.

The signatures of the speakers and governor are presumptive evidence of the passage of the law. The journals should show the readings, and the passage of the law by a constitutional vote. The printed statute book is not conclusive of the fact. The journals may be examined. *Spangler* v. *Jacoby*, 14 Ill. R. 297.

But while the absence of the facts in the journals may rebut the presumptions raised by the signatures of the proper officers, and the publication of the act as a law, still we cannot doubt the power of the same legislature, at the same, or a subsequent session, to correct its own journals, by amendments which show the true facts as they actually occurred, when they are satisfied that by neglect or design the truth has been omitted, or suppressed.

This was done at the second session of the same General Assembly, and the journal was made to conform to the facts as shown by the original minutes of the clerk of the House.

The plaintiffs filed their bill upon the *prima facie* case presented by the absence of the fact in the journal. We cannot, however, dispose of the costs—which is really the only question left in the record, a subsequent act of the legislature having settled the main ground—by the apparent, but must decree them upon the true ground made apparent at the final hearing.

In a recent case before the Supreme Court of Missouri, on a mandamus to the Governor, the question involved the passage of a law in relation to the Pacific Railroad of that State, and in which the court refused to look to the journals, but received the signatures of the proper officers, and the publication of the act as conclusive.

We have no doubt of the correctness of this opinion under their constitution and upon general principles, but the provision of our constitution is special, and may no more be disregarded, than any other provision in it, restrictive of legislative power.

Decree affirmed with costs.

————

SKINNER, J. I do not deem it necessary upon this record to decide upon the effect upon acts of the General Assembly, duly

authenticated by the signatures of the presiding officers of the respective houses and the approval of the Governor, of the absence of evidence in the journals of their *regular* passage ; and upon this point I reserve my opinion.

*Decree affirmed.*