9023

STATE *EX REL.* LINDSEY v. TOLLISON.

(84 S. E. 819.)

LEGISLATIVE JOURNALS.   EVIDENCE.

Where the Senate Journal of February 24th, 1912, recited that a certain appointment had been confirmed, and the Journal of February 28th recited that such appointment had not yet been sent to the Senate for confirmation, and requested that an appointment to such office be sent as early as possible; and the Journal of February 29th recites the consent of the Senate to another appointment to the same office, the entire Journal shows clearly that the record of February 24th, showing a confirmation of appointment to that office, was a mistake, and in effect corrects the record.

Before WILSON, J., Anderson, February, 1914. Affirmed.

Action in nature of *quo warranto,* by the State, on relation of P. N. Lindsey, against E. T. Tollison.

The Circuit decree was as follows:

This is an action to decide the title to the office of supervisor of registration for Anderson county. The plaintiff claims to have been appointed by the Governor and confirmed by the Senate the twenty-fourth of February, 1912; that he was duly commissioned by the Governor; that defendant is in possession of the office and refuses to surrender the same. The defendant denies that the plaintiff was ever confirmed by the Senate, and alleges that he is holding over under the appointment by Governor Ansel in 1910 until his successor is duly appointed, confirmed and qualified. The whole question turns upon this: Can the entry in Senate Journal for 1912, page 951, purporting to show that P. N. Lindsey was confirmed as supervisor of registration for Anderson county on that day, be attacked, and it be shown by extraneous evidence that this record is incorrect? It might not be competent to impeach this record but for the fact that at pages 986, 990 and 991 of

the same Journal it appears that the Senate took action which plainly indicates that they had not confirmed P. N. Lindsey as supervisor of registration for Anderson county February 24, 1912. In the face of these contradictory entries in the Journal, it is necessary to resort to outside evidence to settle the question. I think such evidence is admissible, and it is abundantly proved to my satisfaction that P. N. Lindsey was never confirmed by and with the consent of the Senate, as supervisor of registration for Anderson county. Therefore, it is ordered, adjudged and decreed that E. T. Tollison is the lawful supervisor of registration for Anderson county, holding until his successor is duly appointed, confirmed and qualified.

It is further ordered that the complaint be dismissed and that the plaintiff pay the costs.

The exceptions were as follows:

1. Because the Circuit Judge erred in permitting defendant to amend his answer, for the reason that facts arising subsequent to the filing of an answer or pleading can only be set up by a supplemental pleading or answer and not by an amended answer.

2. Because the Circuit Judge erred in admitting testimony tending to prove that the Senate had on the 16th day of January, 1914, corrected the Journal of February 24th, 1912, by striking out the name of P. N. Lindsey, for the reason that:

(a) The Senate of 1912, having adjourned *sine die*, a subsequent Senate composed of a different membership could not correct, alter, or amend the Journal of the preceding Senate.

(b) The highest and best evidence that the Senate had corrected the Journal of 1912 would be the permanent Journal of the Senate, and the daily sheet, which is placed upon the desks of the members is not the highest and best evidence.

3. Because the Circuit Judge erred in admitting the verbal or parol testimony of Senators Allen, Johnson, H. B. Carlisle, P. L. Hardin, J. H. Wharton, W. S. Hall, T. J. Mauldin and C. A. C. Walker and M. M. Mann to vary and contradict the terms of the permanent Journal of the Senate for the year 1912, in that:

(a) The Journal itself is the highest and best evidence of the action of the Senate.

(b) It is hearsay testimony.

(c) It is the mere expression of opinion of individuals.

4. Because the Circuit Judge erred in holding that P. N. Lindsey had never been confirmed by the Senate, there being no competent testimony tending to prove that he had not been confirmed, the Journal itself showing that he had been confirmed.

5. Because the Circuit Judge erred in holding that it could be shown by extraneous evidence that the record, as contained in the permanent and bound volumes of the Journal is incorrect, whereas, the Journal itself is the highest and best evidence.

6. Because the Circuit Judge erred in holding that the Journal, at pages 986-990 and 991, shows that the Senate took action which indicated that they had not confirmed P. N. Lindsey as supervisor of registration for Anderson county on February 24th, 1912, and in permitting "outside evidence to settle the question," whereas, the Journal is not contradictory in this respect, because the action of the Senate on the 24th day of February, 1912, was a confirmation in executive session of P. N. Lindsey and the action of the Senate, as shown at pages 986-990 and 991, was only a resolution advising for appointment.

*Mr. Kurtz P. Smith,* for appellant, submits: *Amendment of answer to show action of Senate after the answer was filed improper:* 17 S. C. 123. *Testimony to contradict or vary record on Journal:* Const., art. 3, sec. 22; Civil Code,

sec. 60; Const., art. XI, sec. 26; 2 S. C. 150; 13 S. C. 46;
11 S. C. 286; 39 S. C. 307; 12 S. C. 290.

*Messrs. Bonham, Watkins & Allen,* for respondent, cite:
*As to appointments:* Civil Code, sec. 202; 40 L. R. A.
(N. S.) 1; 113 N. W. 256.

March 9, 1915.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Section 202 of the Civil Code of 1912 provides that a
board of registration, composed of three members, shall
be appointed in each county by the Governor, by and with
the advice and consent of the Senate, and that "their term
of office shall be for two years from the date of their
appointment, and they shall continue in office until their
successors shall have been appointed and shall qualify."

In January, 1910, the defendant, Tollison, was appointed
a member of the board for Anderson county, his appoint-
ment was confirmed by the Senate, and he was duly com-
missioned.

Plaintiff alleges that, in February, 1912, he was appointed
to succeed Tollison, that his appointment was confirmed
by the Senate on February 24th, and that he was duly com-
missioned on February 26th, and is entitled to the office,
which defendant unlawfully withholds from him.

Defendant denies that plaintiff's appointment was con-
firmed by the Senate, and alleges that the statement which
appears in the bound volume of the Senate Journal for
1912, purporting to be a part of the record of the proceed-
ings of the Senate of date February 24th, and showing con-
firmation of his appointment, is false and does not represent
the action of the Senate, and that it was inserted there by
mistake or fraud, without the knowledge or consent of the
Senate.

The evidence, which was all taken subject to objection, was as follows: A bound volume of the Senate Journal for 1912, in which it appears, at page 951, as a part of the minutes of the proceedings of February 24th, that the appointment of plaintiff and the two other members of the board was confirmed. It also appears, on pages 952 and 953, that, at the same time, twenty-seven other appointments to different offices in eleven other counties were confirmed. A copy of the daily Journal of the Senate of date February 24th, which was published and laid on the desks of the members the next day, was also in evidence, and nothing appeared therein relative to the confirmation of any appointments, as it does in the bound volume.

At page 986 of the bound volume it appears that the Senate adopted the following resolution on February 28th:

"*Whereas,* It has been called to the attention of the Senate that certain recommendations for the appointment of officers to be made by the Governor, to be confirmed by the Senate, *have not yet been sent to the Senate for confirmation;* therefore, be it

*Resolved* by the Senate, That the Governor be requested to send to the Senate as early as possible before it adjourns *sine die* tomorrow, February 29, appointments to the office of supervisor of registration for the counties of Newberry, Lexington, Cherokee, Beaufort, and *Anderson.*" (Italics added.)

At page 990 of the same volume it appears that the following resolution was unanimously adopted by a "yea" and "nay" vote: "That the Senate, being in session, hereby advises for appointment as supervisors of registration for:" (Here follows a list of counties, with the names for each, and among them is *"Anderson—E. T. Tollison."*) The resolution concludes: "And the Senate consents to the same as supervisors of registration * * * and requests that the Governor appoint the same," etc.

The Senate Journal for 1914 was also in evidence, and, at page 180, it appears that the following resolution was adopted:

"*Whereas,* An error appears in Senate bound Journal of 1912 on 24th February, page 951, showing that P. N. Lindsey was confirmed as supervisor of registration for Anderson county, in the absence of the senator of Anderson county, he being absent from 14th to 28th February sick at his home in Anderson county; therefore, be it

*Resolved* by the Senate, in executive session, That said error is hereby corrected by striking from the list of appointments for Anderson county on 24th February, 1912, the name of P. N. Lindsey as supervisor of registration, and that this resolution be printed in today's Journal."

Eight members of the Senate of 1912 and the clerk of that body were examined. They agreed that it is an invariable custom of the Senate to pass over or take no action upon appointments to office in a county in the absence of the senator from that county, and that the senator from Anderson was absent, on account of sickness, for some time during the latter part of February, and returned to the Senate only a few days before it adjourned *sine die,* on February 29th. None of them believed that any action was taken by the Senate as to the appointments for Anderson county during the absence of the senator from that county, and some of them distinctly remembered that, on consideration of the appointments for that county, after his return to the Senate, on his motion, some of them were confirmed, and one was not confirmed.

More specifically, the senator from Anderson, Hon. G. W. Sullivan, testified, in substance, that in January, 1912, the Anderson delegation unanimously recommended in writing to the Governor for reappointment the old members of the board of registration, to wit: W. L. Anderson, Wood Fant and E. T. Tollison; that he was absent from the Senate from February 14th until February 28th (the

Journal shows that indefinite leave of absence was granted him on February 15th) ; that on February 28th, at his request, the Senate considered the appointment to the board of registration for Anderson county, the appointees being W. L. Anderson, Wood Fant, and P. N. Lindsey, and, on his motion, the appointment of Anderson and Fant was confirmed and that of Lindsey was not confirmed.

Mr. M. M. Mann, the clerk of the Senate, testified in substance, that after Senator Sullivan's return to the Senate he asked for consideration of the appointments for Anderson county; that he (the clerk) took them out of a drawer in his desk and read them; that some were confirmed and one was not confirmed; that if these appointments had been previously passed upon they would not have been in his desk, but would have been sent with the others to the printer; that mistakes frequently occur in the Journal in different ways, which he explained; that some are detected and corrected, and others are never detected; that he was satisfied the statement in the bound volume, at page 951, showing confirmation of Lindsey's appointment, was a mistake; that the appointments for Anderson county were passed over and not considered on February 24th, on account of the absence of the senator.

The Circuit Court found and concluded as follows: "The whole question turns upon this: Can the entry in Senate Journal for 1912, page 951, purporting to show that P. N. Lindsey was confirmed as supervisor of registration for Anderson county on that day be attacked, and it be shown by extraneous evidence that this record is incorrect? It might not be competent to impeach this record but for the fact that at pages 986, 990 and 991 of the same Journal it appears that the Senate took action which plainly indicates that they had not confirmed P. N. Lindsey as supervisor of registration for Anderson county, February 24th, 1912. In the face of these contradictory entries in the Journal it is necessary to resort to outside evidence to settle the

question. I think such evidence is admissible, and it is abundantly proved to my satisfaction that P. N. Lindsey was never confirmed by and with the advice and consent of the Senate as supervisor of registration for Anderson county."

The Court below went further than was necessary to the decision of this case in holding that the contradictory entries in the Senate Journal for 1912 made it necessary to resort to other evidence to decide the question before it.

In several cases this Court has considered the admissibility in evidence of the journals of the Senate and House of Representatives, which are kept and published in pursuance of the requirements of the Constitution and statutes. In *State* v. *Platt*, 2 S. C. 150, which was followed in *State* v. *Hagood*, 13 S. C. 46, it was held that the Court might go behind an act which had been duly enrolled and ratified by the two houses in joint assembly, signed by the President of the Senate and the Speaker of the House, and approved by the Governor, and deposited with the Secretary of State, and consult the journals to determine whether the terms of the act, so ratified and approved, were substantially different from those of the bill which had met the approval of the two houses, and, finding a substantial difference in each case, the acts were declared invalid as to the difference. In *State* v. *Chester*, 39 S. C. 307, 17 S. E. 572, these cases were overruled, and it was held, quoting the syllabus: "Where an original bill and an act duly ratified and approved show on their face that the bill originated in the House of Representatives, received three readings in both houses and the act was duly signed by the President of the Senate and the Speaker of the House of Representatives, and approved and signed by the Governor, and deposited with the Secretary of State, the Court cannot look to the journals of the two houses to show that bill did not originate in the lower house, did not receive three readings in both houses and was not duly ratified, the true rule being

that such an act is sufficient evidence that it passed the General Assembly, and it is not competent to impeach such an act by the journals of the houses, or any other evidence, other than evidence of such prerequisites as the organization of the houses, the presence of a quorum and the record of votes upon the journals when so required by the Constitution."

In *State* v. *Smalls,* 11 S. C. 286, it was held that the Journal of the Senate was competent and the best evidence to prove what matters were pending therein at a particular time.

In the Bond Debt Cases, 12 S. C. 203, 289, it was held that the Court would look to the journals to ascertain whether the prerequisites prescribed by the Constitution for the valid enactment of statutes of a certain character, such as those increasing the public debt, had been complied with, and that where the Constitution provided that no law creating a public debt shall take effect until it shall have been passed by the vote of two-thirds of the members of each branch of the General Assembly, to be recorded by yeas and nays on the journals of each house, respectively, no such law would be valid, unless a record of a two-thirds vote by yeas and nays affirmatively appeared upon the journals of both houses.

In *State* v. *Aiken,* 42 S. C. 224, 20 S. E. 221, 26 L. R. A. 345, nothing was decided touching the journals as evidence. The Court merely referred to the *Platt* and *Hagood* cases as having been overruled by the *Chester* case in discussing the doctrine of *stare decisis.*

The weight of authority in other States is that the journals of the legislature must be received as importing absolute verity, and cannot be impeached, even for mistake or fraud, but as will be seen from the cases above cited, this Court has never decided whether, under all circumstances, they must be so received, and, as the decision of that question is one of grave importance, and as it is unnecessary

to the decision of this case, no opinion thereon should be expressed. Nor is it necessary to decide whether the Senate of 1914 could correct the Journal of the Senate of 1912.

There can be no doubt, however, that the Senate of 1912 had the right and power, while in session, to correct its own Journal, and that in determining what was or was not done by the Senate, the Journal must be considered as a whole as any other record would be. *Turley* v. *Logan County,* 17 Ill. 151; *State* v. *McCulloch,* 11 Ind. 424; *State* v. *Moffitt,* 5 Ohio 538; *People* v. *Burch,* 84 Mich. 413, 47 N. W. 765; *Detroit* v. *Rentz,* 91 Mich. 78, 51 N. W. 787, 16 L. R. A. 59.

This being so, let us consider alone the evidence afforded by the bound volume of the Journal of 1912. When that is done, the resolutions of February 28th and 29th, above quoted, show clearly that the record of the 24th, showing confirmation of Lindsey's appointment was a mistake. The resolution of the 28th says, in plain and unmistakable language that, at that date, the appointments to the office of supervisors of registration for Anderson county had not been sent to the Senate for confirmation. Surely the Senate and its officers knew what had been done and what had not been done touching the matter of appointments. It was their duty to know, and it must be presumed that they did know. If these appointments had not been sent in on the 28th, it is impossible for them to have been confirmed on the 24th. It must be conceded that, if the Senate had, on the 28th, in so many words, corrected the Journal of the 24th, the Journal as corrected would have been of controlling effect, and, that while it did not undertake to do so *in totidem verbis,* for the reason, perhaps, that, as the Journal then appeared, it showed no such confirmation, as afterwards appeared in the bound volume, yet the declaration of fact in the resolution of the 28th that these appointments had *"not yet been*

*sent to the Senate for confirmation"* and the request that they be sent in for that purpose shows beyond all doubt that they had not been confirmed on the 24th, and that the record of that date was a mistake. This conclusion is fortified by the resolution of the 29th, which advises and consents to the appointment of "Tollison." Just here, it must be kept in mind that Lindsey's allegation and contention is that he is Tollison's successor in office. No question is made as to the appointment and confirmation of the other two members of the board. If the appointment of Lindsey, as Tollison's successor, had already been confirmed these resolutions which appear to have been adopted upon mature deliberation, and that of the 29th in the most solemn manner, by a yea and nay vote, spread upon the Journal, were simply absurd. No other construction can be given them, and no other conclusion can be drawn from them than that they are tantamount to a declaration that the record of the 24th is a mistake, and in effect a correction of the mistake.

For these reasons the judgment is affirmed.

MESSRS. CHIEF JUSTICE GARY and JUSTICES FRASER and GAGE concur in the opinion of the Court delivered by MR. JUSTICE HYDRICK.

MR. JUSTICE WATTS, *dissenting:* This is an appeal from an order of his Honor, Judge Wilson, wherein he holds that E. T. Tollison is a supervisor of registration for Anderson county, and that P. N. Lindsey, while appointed to that position, was not confirmed by the Senate, and is not a supervisor of registration.

The decree of his Honor sets out the facts of the case and should be reported. The appellant appeals from this order and alleges error in his Honor's rulings. The practical question raised by the appeal is: Did his Honor err in allowing the introduction of outside testimony to contradict

and impeach the entry in the Senate Journal for the State of South Carolina for 1912, page 951, which showed on that day, February 24, 1912, P. N. Lindsey was confirmed by the Senate as supervisor of registration for Anderson county? His Honor allowed this entry to be attacked and shown by extraneous evidence that the record was incorrect and allowed various senators to testify over objection from their recollections and memory that the Journal entry was incorrect, and that the Senate had attempted on January 16, 1914, to correct the entry of the Journal of February 24, 1912, although the Senate of 1912 had adjourned *sine die,* and the Senate of 1914 was composed of different members. The Constitution of 1895, article III, section 22, provides: "Each house shall keep a Journal of its own proceedings and cause the same to be published immediately after its adjournment," etc. The object of this was, and the practice is, for each day's proceedings to be published in order that the Senate can next day, or within a reasonable time at least, correct any errors or mistakes made. It is absurd to say that one Senate can correct the Journal of a preceding Senate. The Journal of the Senate as to what occurred in this matter was .the highest and best evidence of the action of the Senate, and his Honor was in error in admitting the evidence of the senators to impeach and contradict the entry in the Journal. If there was a false entry in. the Journal of the Senate it was the duty of the members of the Senate to correct the same before the session of the Senate adjourned. To allow such incompetent testimony as was allowed in this case would be to destroy the very object of the Constitution and acts of legislature in providing for the Journal and keeping in permanent form a record of their proceedings for the benefit of the public. The journals of both houses are competent evidence before the Court and the force and effect of the same have been construed by the Court in the following cases: Bond Debt Cases, 12 S. C. 290; *State* v.

*Hagood,* 13 S. C. 46; *State* v. *Smalls,* 11 S. C. 286; *State* v. *Hoover,* 39 S. C. 307, 17 S. E. 572; *State* v. *Aiken,* 42 S. C. 224, 20 S. E. 221, 26 L. R. A. 345. His Honor was in error in admitting the evidence he did to vary and contradict the Journal, and in deciding against the appellant and in dismissing the complaint. He should have held that Lindsey was duly appointed by the Governor and confirmed by the Senate.