(No. 16369.—Affirmed in part and reversed in part.)
THE PEOPLE *ex rel.* H. H. Hawkins, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*when consent to additional town road and bridge tax may be obtained.* Consent to the levy of an additional town road and bridge tax may be obtained on the first Tuesday in September and before the levy of the tax. (*People* v. *Illinois Central Railroad Co. ante,* p. 373, followed.)

2. SAME—*record of tax levy may be amended—parol evidence.* The record of the levy of a tax by the county board may be amended to conform to the facts, and the record as amended has the same force and effect as though originally made as amended and cannot be contradicted by parol.

3. SAME—*when record of levy of county tax does not show aye and nay vote.* The statute is mandatory that the vote levying the county tax by the board of supervisors shall be taken by ayes and nays and entered of record, and an amendment of the record does not show a compliance with the law where it merely recites that all were present and all voted aye in response to the question and does not show a roll call or contain the names of the members voting aye.

APPEAL from the County Court of Moultrie county; the Hon. JOHN T. GRIDER, Judge, presiding.

C. R. PATTERSON, (N. S. BROWN, and L. H. STRASSER, of counsel,) for appellant.

MERRILL F. WEHMHOFF, State's Attorney, FRANK J. THOMPSON, and McDAVID, MONROE & HERSHEY, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a judgment of the county court of Moultrie county against the property of appellant for delinquent taxes. The taxes in question are road and bridge taxes in excess of fifty cents on the $100 levied by the towns of Sullivan and Whitley and the county tax for the year 1923.

314—33

The objection to the road and bridge taxes is that the boards of town auditors of the towns gave their consent for the extension of a greater rate than fifty cents on the $100 assessed valuation for road and bridge taxes on the first Tuesday in September, 1923, and not before that time. The objection was properly overruled. *People* v. *Illinois Central Railroad Co.* (*ante,* p. 373.)

It is contended by appellant that the record of the board of supervisors purporting to levy the county tax in question does not show that the resolution of the board of supervisors levying it was adopted by an aye and nay vote and the entry of such vote of record, as is required by law. The record of the board of supervisors as originally written did not show that the resolution levying the tax was adopted by an aye and nay vote. The evidence shows that there was a meeting of the board of supervisors on the 28th of June, 1924, at which meeting a resolution was adopted that the record of the proceedings of the board of supervisors of Moultrie county be amended so that the minutes of the annual meeting of the board on the 11th of September, 1923, among other things would show:

"Mr. Fleming, of Lowe township, offered the following resolution to levy county tax for the year A. D. 1923, as follows:

" 'Whereas, it appearing from the report of the finance committee, which said report has been approved by the board, that the sum of $30,000 is required to be levied as a tax for county purposes for the year A. D. 1923, therefore be it

" '*Resolved by the board of supervisors of the county of Moultrie and State of Illinois,* that the sum of thirty thousand ($30,000) dollars be and the same is hereby levied against all the taxable property of said county of Moultrie, State of Illinois, as the same is assessed and equalized for the year A. D. 1923, as a county tax for county purposes, and that the county clerk be and he is hereby directed to extend said tax upon the proper valuation at a rate that will obtain said amount, not to exceed, however, fifty cents on each $100 valuation.'

"Motion was made by Mr. Freeland that the board adopt the resolution as read, and said motion was seconded by Mr. Kellar, and a vote was taken, as follows: All those in favor of the adoption of the resolution as read by Mr. Fleming signify by saying aye and contrary nay; all of the supervisors being then and there present voted aye and no vote nay was cast. The resolution was adopted as read and so ordered by the board."

The board at its June meeting had a right to correct the minutes of its September, 1923, meeting so that the record should conform to the facts. When such amendment was made the record as amended had the same force and effect as though originally made as amended and could not be contradicted by parol. (*Turley* v. *County of Logan,* 17 Ill. 151; *Board of Education* v. *Trustees,* 174 id. 510; *County of DuPage* v. *Commissioners of Highways,* 142 id. 607; 29 Corpus Juris, 466.) The statute is mandatory that the vote levying the county tax by the board of supervisors shall be taken by ayes and nays and entered of record. The record as amended at the June meeting of the board failed to show that the roll of the members of the board was called and that the members voted in response to the roll call. Neither does it contain the names of the members voting aye. The record as amended failed to show a compliance with the law in taking the vote levying the tax. The court erred in not sustaining appellant's objections to the county tax.

The judgment of the county court is affirmed as to the excess road and bridge taxes of the towns of Sullivan and Whitley and reversed as to the county tax.

*Affirmed in part and reversed in part.*