(No. 13586.—Judgment reversed.)

THE PEOPLE *ex rel.* Ed. M. Heaton, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1920.*

1. TAXES—*tax for mothers' pension fund must be included in fifty cent rate for county taxes.* A tax for a mothers' pension fund is a county tax, but while the levy of said tax is not subject to reduction it must be included within the limitation of fifty cents on the $100 valuation provided in section 121 of the Revenue act.

2. SAME—*item of city tax for "special assessments" is a tax for general corporate purposes.* An item of city tax of $2000 for "special assessments" must be regarded as a tax for general corporate purposes and subject to the statutory limitation therefor and not as a tax for bonded indebtedness, which is covered by another item.

APPEAL from the County Court of Williamson county; the Hon. W. F. SLATER, Judge, presiding.

H. T. DICK, and E. M. SPILLER, for appellant.

R. R. FOWLER, State's Attorney, and JOHN M. REID, (D. L. DUTY, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Williamson county overruling objections to the application of the county collector for judgment for taxes and ordering sale of the objector's property.

The county tax extended was at the rate of fifty-three cents on the $100, and objection was made to the excess of the rate above the limitation of fifty cents on the $100 fixed by section 121 of the Revenue act as amended on June 30, 1919. (Laws of 1919, p. 771.) The county board levied a tax of $88,700, including $4000 for the mothers' pension fund. This amount, even after deducting the $4000 levied for the mothers' pension fund, required a rate in excess of fifty cents on the $100 valuation. The

county clerk took the rate of fifty cents on the $100, added
to it the rate required to raise the $4000 levied for the
mothers' pension fund, which was three cents on the $100,
and extended the county tax at the rate of fifty-three cents
on the $100. The appellant contends that the tax for the
mothers' pension fund is a county tax, which must be in-
cluded in the rate of fifty cents on the $100, and that the
extension of the additional three cents is therefore unau-
thorized by law. The appellee contends that that tax is not
a county tax and the limitation does not apply to it. The
tax is clearly a county tax and was held to be such in *Peo-
ple* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill.
557, and *People* v. *Chicago, Lake Shore and Eastern Rail-
way Co.* 270 id. 477. It must be included within the limi-
tation of fifty cents on the $100 fixed by section 121 of the
Revenue act. *People* v. *Cleveland, Cincinnati, Chicago and
St. Louis Railway Co.* (*ante,* p. 214.)

Objection was also made to $48.70 of the tax levied
by the city of Johnston City because the amount was in
excess of the rate authorized to be levied. The rate ex-
tended was $2.88 on the $100. The city passed a levy or-
dinance making a total levy of $34,500, which included
these items: "For interest on bonds and bonds, $10,000;
for special assessments, $2000; for collection and distribu-
tion of garbage, $1500." The amount levied for bonds
and interest required a rate of $1.19⅔. The city council
was authorized to levy taxes for general corporate purposes
at the rate of $1.33⅓ on the $100 valuation in cities
having a population of less than 150,000, in which class
Johnston City was included. (Laws of 1919, p. 732.)
In addition the statute authorized a levy of thirteen and
one-third cents for the collection and disposal of garbage.
(Laws of 1919, p. 751.) These rates aggregate $2.66⅓,
and the rate which was extended exceeded this rate by
twenty-one and two-thirds cents. It is contended by the
appellee that the item of $2000 levied for special assess-

ments should be regarded as levied for bonded indebtedness, for which the city might make a levy in addition to its levy for general corporate purposes. This contention can not be sustained. The ordinance contained a special item of $10,000 for bonds and interest on bonds. There is nothing in the term "special assessments" to indicate a bonded indebtedness. It might rather indicate an indebtedness which had been assessed against the city for public benefits in the making of public improvements, but the payment of such an indebtedness would be included in the general corporate purposes of the city. The objection to the city tax should have been sustained.

The judgment of the county court will be reversed.

*Judgment reversed.*