(No. 13571.—Judgment affirmed.)

THE PEOPLE *ex rel.* A. C. Bothfuhr, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1920.*

1. TAXES—*objections not raised in trial court are waived.* Objections which were not raised in the trial court upon the collector's application for judgment and order of sale for delinquent taxes can not be raised in the Supreme Court.

2. SAME—*petition, notice and ballot for a hard road tax election need not agree.* Under the present statute relating to elections upon the proposition to levy a tax for hard roads it is not essential that the petition, notice and ballot shall agree in the matter of particular description of the roads to be constructed. (*Martin v. Hart, ante,* p. 149, followed.)

3. SAME—*when ruling on item of tax cannot be questioned by assignment of cross-error.* The ruling of the county court on an item of tax which is independent and distinct from the items the rulings on which are questioned on appeal cannot be questioned by the assignment of cross-error but only by separate appeal.

APPEAL from the County Court of Kankakee county; the Hon. JAMES T. BURNS, Judge, presiding.

W. R. HUNTER, for appellant.

WAYNE H. DYER, State's Attorney, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

A petition was presented to the town clerk of the town of Limestone, in Kankakee county, requesting the submission at the annual town meeting in 1919 of a proposition for or against a special tax for the purpose of constructing hard roads. At that meeting a vote was taken and the proposition was carried. In due course the tax was levied. The tax against the property of appellant was returned delinquent and the county collector applied to the county court for judgment and order of sale. Appellant filed the following objection: "Defendant objects to all of the hard road tax attempted to be levied against it in the town of Limestone in the sum of $861.81, and shows to the court that this tax was voted upon at the annual town election in April, 1919. Defendant further shows the court that the petition for said vote and the notices of election to vote upon said proposition, the ballot used for the same, and the levy, do not agree; that there is a fatal variance between the description of the roads, the kind and character thereof, and the voters did not vote upon the question presented by the petition, and the same was therefore illegal and void." The objection was overruled, judgment and order of sale were entered, and this appeal prayed and perfected.

All questions raised by the objection filed have been considered by this court in *Martin* v. *Hart*, (*ante*, p. 149,) where our conclusion is contrary to the contentions of appellant. The ballot used was in substantial compliance with the form provided by statute and was free from any valid objection.

Other objections to this tax are argued by counsel for appellant, but they were not raised in the trial court and cannot be raised for the first time in this court. When objections are made in the trial court and a trial is had upon the points raised by such objections the presumption is that

all else is admitted to be correct and free from objection. (*Indiana, Decatur and Western Railway Co.* v. *People,* 201 Ill. 351.) The court properly overruled objections to this tax.

Appellant also filed an objection to a special assessment levied under the Farm Drainage act by the commissioners of Union Drainage District No. 5, attacking the validity of the tax "because defendant says that said described real estate [part of its right of way] will not be specially benefited by reason of the construction of the proposed improvement." It was stipulated on the trial that the People had made a *prima facie* case, but appellant contends that the *prima facie* case made by the People was overcome by the testimony of two engineers who testified in its behalf on the question of benefits. These witnesses testified, in substance, that the tile drain would be of slight benefit to appellant, but they conceded that it would lower the water level in the territory and would benefit appellant's right of way to the extent that it would benefit the adjoining farms. This evidence did not show that the drainage would be of no benefit to appellant's property and did not sustain appellant's contention. The court properly overruled the objection.

An objection was filed to the hard road tax levied in the town of Ganeer, and this objection was sustained. Counsel for appellee seeks to review the decision of the trial court by cross-error. This item is entirely independent and distinct from the items heretofore considered and the correctness of the trial court's ruling can be reviewed only by separate appeal. *People* v. *Chicago and Alton Railway Co.* 289 Ill. 282.

The judgment of the county court of Kankakee county is affirmed.

*Judgment affirmed.*