(No. 14928.—Judgment affirmed.)

THE PEOPLE *ex rel.* A. Bothfuhr, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellant.

*Opinion filed December 19, 1922.*

1. STATUTES—*statutes passed at same time must be construed together and given effect, if possible.* Statutes passed at the same session of the legislature and concerning the same subject matter must be construed together and unless irreconcilably repugnant to each other must be given effect.

2. TAXES—*the legislature may fix amount of taxes to be levied without a vote.* Within the limitation prescribed by the constitution for county taxes the legislature has authority to fix the amount of taxes a county may levy without a vote of the people.

3. SAME—*legislative provisions of 1921 for additional taxes for State aid roads are not unconstitutional.* The provisions of the amendments of 1921 to section 25 of the Counties act, to section 121 of the Revenue act, and to section 14 of the act in relation to State highways, excepting from the fifty cent limit for general county purposes the county highway tax for State aid roads, do not violate the constitution, as the aggregate amount authorized to be levied by the county board without a vote of the people does not exceed the constitutional limit.

4. SAME—*county highway tax need not be itemized.* A county highway tax levied for improving, maintaining and repairing State aid roads pursuant to the amendments of 1921 to the statutes in relation to counties, to State highways ·and to revenue, is not for several separate purposes required to be stated separately by section 121 of the Revenue act, as a levy for improving, maintaining and repairing the roads would include the necessary expense for work and material.

5. SAME—*paragraph 6 of section 25 of Counties act not invalid as for unlawful discrimination.* Paragraph 6 of section 25 of the Counties act, as amended in 1921, is not invalid as for unlawful discrimination between counties where an additional county highway tax has been authorized by vote and counties where no vote has been taken. (*People* v. *New York Central Railroad Co. ante,* p. 434, followed.)

APPEAL from the County Court of Kankakee county; the Hon. JAMES T. BURNS, Judge, presiding.

W. R. HUNTER, for appellant.

ANKER C. JENSEN, State's Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Kankakee county levied a tax for county purposes of fifty cents on the $100 valuation, and made an additional levy of twenty-five cents on the $100 valuation for "county highway tax." Appellant filed objections to the levy on the ground the county had no authority to levy a tax in excess of fifty cents on the $100, also that the levy for county highway tax was for the sum of $68,000, "for the purpose of improving, maintaining and repairing the State aid roads required to be improved, maintained and repaired by the county, and for the payment of lands, quarries, pits or other deposits of road material required by the county for such purposes." It was objected that the levy was for several separate purposes and did not state the amount for each purpose, as required by section 121 of the Revenue act. The court overruled the objections and the objector has appealed.

Section 121 of the Revenue act, as amended in 1921, requires the county board annually to determine the amount of taxes to be raised for all purposes, and provides the aggregate amount shall not exceed the rate of fifty cents on the $100 valuation, except for the payment of certain indebtedness mentioned, and "except for the improvement and maintenance of State aid roads, unless a greater amount should be authorized by a vote of the people of the county. When for several purposes, the amount for each purpose shall be stated separately." Paragraph 6 of section 25 of the act in relation to counties, as amended in 1921, authorizes the levy of an annual tax for county purposes not exceeding fifty cents on the $100 valuation, except for the payment of certain indebtedness mentioned, and "also in addition thereto an annual tax not to exceed twenty-five cents on the $100 valuation for the purpose of improving and maintaining the State aid roads and to pay bonded indebtedness authorized for the construction of State aid roads." Section 27 of the same act provides for the levy of a tax in excess of fifty cents on the $100 by a vote of the people of the county. Section 14 of the act of 1921 in relation to State highways is as follows:

"Sec. 14. For the purpose of improving, maintaining and repairing the State aid roads required to be improved, maintained and repaired by the county and for the payment of lands, quarries, pits or other deposits of road material required by the county for such purpose, the county board shall have power to levy an annual tax to be known as 'county highway tax.' Said tax shall be in addition to the maximum of all other county taxes which the county is now or may hereafter be authorized by statute to levy upon the aggregate valuation of all taxable property within the county, and the county clerk in reducing tax levied as and when required so to do by virtue of the provisions of an act entitled 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as sub-

sequently amended, shall not consider said 'county highway tax' as a part of the tax levy of the county required to be included in the aggregate of all taxes to be reduced, and no reduction of any tax levy made under the provisions of said last mentioned act and amendments thereto shall diminish any amount appropriated or levied for said 'county highway tax.' Said 'county highway tax' together with all other county taxes, shall not exceed the present constitutional limitation unless otherwise authorized by a vote of the people of the county. All moneys derived from the 'county highway tax' shall be placed in a separate fund to be known as the 'county highway fund,' and shall be used for no other purpose."

These statutes as amended were passed by the legislature in 1921. Section 14 was approved by the Governor June 24, 1921. Section 121 of the Revenue act as amended, and sections 25 and 27 of the act in relation to counties as amended, were approved by the Governor June 28, 1921. They must be construed together, and unless irreconcilably repugnant to each other must be given effect.

The limit of the tax to be levied by a county without a vote of the people is fixed by the constitution at seventy-five cents on the $100 valuation. In 1919, when the valuation upon which a tax was to be extended was increased from one-third to one-half, the legislature reduced the rate to be levied to fifty cents on the $100 for general county purposes. The legislature has authority to fix the amount authorized to be levied without a vote within the limitation prescribed by the constitution. (*People v. Hoerr,* 294 Ill. 338.) It will be seen from the statutes referred to, that except for the payment of certain indebtedness, and except for maintaining and improving State aid roads, the levy for general county purposes could not exceed fifty cents on the $100 valuation except by a vote of the people of the county. Section 25 of the act in relation to counties authorizes a tax, not to exceed twenty-five cents on the $100 valuation, for

improving and maintaining State aid roads, in addition to the county tax of fifty cents for county purposes, and section 27 of the same act makes the same exception with reference to the tax for improving and maintaining State aid roads as provided in section 25. Section 121 of the Revenue act, as amended in 1921, provides that the levy for county taxes shall not exceed the rate of fifty cents on the $100, except for the payment of certain indebtedness "and except for the improvement and maintenance of State aid roads" and the payment of bonds authorized for their construction, unless a greater rate is authorized by a vote of the people of the county. Section 14 of the act of 1921 in relation to State highways authorizes a tax for maintaining and repairing State aid roads, to be known as county highway tax. Such tax is to be in addition to the maximum of all other county taxes, and is not subject to scaling or reduction under the Juul law. The section further provides that the county highway tax, together with all other county taxes, shall not exceed the constitutional limitation unless authorized by a vote.

From these provisions of the statutes referred to it seems plain from the language used that it was the intention of the legislature to authorize the tax called "county highway tax" for the purpose of maintaining and improving State aid roads, which was not to be a part of the fifty cent rate authorized for general county purposes but was to be in addition thereto. We know of no reason why the legislature might not lawfully provide for such tax in addition to the tax levied for general county purposes of fifty cents on the $100 for the special purposes mentioned, provided the total levy did not exceed the constitutional limit. It is true, the county board must have express authority, under the constitution and statutes, to levy and collect taxes, but express authority was given by the legislature to levy and collect the tax here objected to, and such authority is not in violation of any provision of the constitution. We held

in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191, that the tax authorized to be levied for tuberculosis sanitariums is a part of the fifty cent rate authorized to be levied for county purposes, and in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 Ill. 214, that the same was true as to the mothers' pension fund tax. The statutory provisions as to those taxes were entirely different from those here under consideration. The sections of the statutes in relation to counties and to revenue to which we have referred were amended in 1921 to expressly authorize the levy of a county highway tax, which was to be in addition to and not be considered part of the fifty cents authorized to be levied for general county purposes. The act in relation to State highways, of which section 14 above quoted is a part, was enacted in 1921. We know of no reason why the legislature cannot except from the fifty cent limit for general county purposes the county highway tax, provided the aggregate amount does not exceed the constitutional limit.

The contention that paragraph 6 of section 25 is invalid because it discriminates between counties where an additional county highway tax has been authorized by vote and counties where no vote has been taken is answered contrary to appellant's contention in *People* v. *New York Central Railroad Co.* (*ante,* p. 434.)

The levy was not for several separate purposes, requiring the amount for each purpose to be stated separately. It would have been sufficient to have stated the tax was for improving, maintaining and repairing the roads, and that would have included the necessary expense for work and material. The levy was not in violation of section 121 of the Revenue act.

The judgment is affirmed.                *Judgment affirmed.*