(No. 14946.—Judgment affirmed.)

THE PEOPLE *ex rel.* C. W. Frazier, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 21, 1923.*

1. TAXES—*section 14 of State Highways act of 1921 authorizes a highway tax in excess of statutory limit for county taxes.* Section 14 of the act of 1921 in relation to a system of State highways authorizes the county board to levy an annual county highway tax in addition to the statutory limit of fifty cents on the $100 for all other county taxes, provided said tax, together with the tax for other county purposes, does not exceed the constitutional limit of seventy-five cents.

2. SAME—*amendments of 1921 for levying an additional tax for State highways must be construed together.* The various provisions of section 14 of the act of 1921 in relation to State highways, of paragraph 6 of section 25 of the Counties act as amended in 1921, and the amendment of 1921 to section 121 of the Revenue act, allowing a tax for State aid roads in excess of the statutory limit for county taxes, are harmonious and consistent, and being *in pari materia* should be construed and read together as one statute.

3. SAME—*paragraph 6 of section 25 of the Counties act, as amended in 1921, is not improperly discriminatory.* Paragraph 6 of section 25 of the Counties act, as amended in 1921, allowing county boards to levy a tax of twenty-five cents on the $100 for State aid roads in addition to the statutory limit for other county taxes, is not improperly discriminatory in not applying to counties where said additional taxes "have otherwise been authorized by a vote of the people of the county" and does not violate any rule for uniformity in taxation.

4. CONSTITUTIONAL LAW—*when laws are general and uniform.* Laws are general and uniform when they operate alike upon all persons or corporations in like situations, and the legislature has power to enact laws which affect only a certain class, where there is some attribute, qualification or condition which marks the class affected as a proper object for special or class legislation.

THOMPSON, C. J., specially concurring.

APPEAL from the County Court of White county; the Hon. ULYS PYLE, Judge, presiding.

P. J. KOLB, and J. A. PEARCE, (L. J. HACKNEY, H. N. QUIGLEY, and R. C. PORTER, of counsel,) for appellant.

CHARLES T. RANDOLPH, State's Attorney, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant filed its objections to $1423.32 of the county tax extended against its property as a county highway tax, in White county. The county court overruled its objection and entered judgment for the tax and $28.23 penalty and costs and an order of sale against its property. The railway company has appealed from that judgment.

In White county there was levied and extended for the year 1921 the maximum rate of fifty cents on each $100 of assessed valuation for the usual county purposes, and in addition thereto there was levied a rate of twenty-five cents on each $100 assessed valuation as a special county highway tax. The latter tax was levied in pursuance of section 14 of "An act in relation to State highways," approved June 24, 1921, (Laws of 1921, p. 793; Hurd's Stat. 1921, p. 2808;) which is in the following words and figures:

"Sec. 14. For the purpose of improving, maintaining and repairing the State aid roads required to be improved, maintained and repaired by the county and for payment of lands, quarries, pits or other deposits of road material required by the county for such purpose, the county board shall have power to levy an annual tax to be known as

'county highway tax.'  Said tax shall be in addition to the maximum of all other county taxes which the county is now or may hereafter be authorized by statute to levy upon the aggregate valuation of all taxable property within the county, and the county clerk in reducing tax levied as and when required so to do by virtue of the provisions of an act entitled, 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as subsequently amended, shall not consider said 'county highway tax' as a part of the tax levy of the county required to be included in the aggregate of all taxes to be reduced, and no reduction of any tax levy made under the provisions of said last mentioned act and amendments thereto shall diminish any amount appropriated or levied for said 'county highway tax.'  Said 'county highway tax' together with all other county taxes, shall not exceed the present constitutional limitation unless otherwise authorized by a vote of the people of the county.  All moneys derived from the 'county highway tax' shall be placed in a separate fund to be known as the 'county highway fund' and shall be used for no other purpose."

The appellant's contention that the above section, when considered alone, is to be construed as authorizing the county board to levy only fifty cents for all county purposes, including the county highway tax, is inconsistent with the various provisions of this section and is therefore not tenable.  This section authorizes the county board to levy an annual tax to be known as "county highway tax," and then specifically provides that such tax shall be in addition to the maximum of all other county taxes which the county is now or may be hereafter authorized by statute to levy.  The maximum of all other county taxes which the county is "now" authorized by statute to levy is fifty cents on the $100 valuation, and this section clearly gives the county board authority to levy to the limit of seventy-five cents on the $100 valuation, including the county highway tax.  This

clearly appears, also, by the other provisions of the above section, and particularly by the sentence in the latter part of the section which reads: "Said county highway tax together with all other county taxes, shall not exceed the present constitutional limitation unless otherwise authorized by a vote of the people of the county." The present constitutional limitation is seventy-five cents on the $100, unless otherwise authorized by a vote of the people of the county.

The above interpretation is further confirmed by the action of the legislature in amending paragraph 6 of section 25 of chapter 34, entitled "Counties," and section 121 of the Revenue act, both of which amendments were approved June 28, 1921. (Laws of 1921, pp. 386, 761; Hurd's Stat. 1921, pp. 897, 2673.) The sixth paragraph of section 25, which enumerates the powers of the county board, is in the following language:

"*Sixth*—To cause to be annually levied and collected, taxes for county purposes, including all purposes for which money may be raised by the county by taxation, not exceeding fifty cents on the $100 valuation, and in addition thereto an annual tax not exceeding sixty-six and two-thirds cents on the $100 for the purpose of paying the interest and principal of indebtedness which existed at the time of the adoption of the constitution, *and also in addition thereto an annual tax not to exceed twenty-five cents on the $100 valuation for the purposes of improving and maintaining the State aid roads and of paying the interest and principal of bonded indebtedness heretofore duly authorized for the construction of State aid roads in the county, unless additional taxes for said bonds and interest or improvement and maintenance have otherwise been authorized by a vote of the people of the county.*"

The words added to the paragraph by amendment are in italics in the above quotation.

The purpose of the above paragraph is to fix the maximum rates of taxation by the county board that may be lev-

ied by it for any and all county purposes, and it has been a practice of the legislature to amend this section so as to truly express such maximum rates when any other statute is passed having the effect to either raise or lower such maximum rates. Section 121 of the Revenue act is a section providing for the time when the county board shall determine the amount of all county taxes to be levied for all purposes and the manner in which each tax shall be stated or described. This section also has at all times expressed the maximum rate of taxation by the county board for all purposes, and it has also been the practice of the legislature to amend this section so as to express accurately such maximum rates when any law is passed affecting such maximum rates for county purposes. Said section as amended in 1921 follows, the words amending the section being in italics:

"Sec. 121. The county board of the respective counties shall, annually, at the September session, determine the amount of all county taxes to be raised for all purposes. The aggregate amount shall not exceed the rate of fifty cents on the $100 valuation, except for the payment of indebtedness existing at the adoption of the present State constitution, *and except for the improvement and maintenance of State aid roads and for the payment of principal and interest of bonds duly authorized for the construction of State aid roads,* unless authorized by a vote of the people of the county. When for several purposes, the amount for each purpose shall be stated separately: *Provided, however,* that in all counties where, under any law, the county board is or may be required to pass an annual appropriation bill within the first quarter of the fiscal year, the tax levy above provided for may be made at any time after such annual appropriation bill shall be in full force and effect."

Consistent statutes relating to the same subject are called statutes *in pari materia* and are treated and construed together as though they constituted but one act. This is so whether the acts relating to the same subject were passed

at different dates, separated by long or short intervals, at the same session or on the same date. An examination of the three sections aforesaid shows that they are consistent and harmonious in their several parts and provisions, and being *in pari materia* should be construed and read together as if they were one statute. (*People* v. *Wallace,* 291 Ill. 465; *Devous* v. *Gallatin County,* 244 id. 40; *People* v. *Cowen,* 283 id. 308.) The language of paragraph 6 clearly shows that the annual tax not to exceed twenty-five cents for improving and maintaining State aid roads, etc., is in addition to the fifty cents on the $100 valuation for all other county purposes just as clearly as is the sixty-six and two-thirds cents for the purpose of paying indebtedness existing at the time of the adoption of the constitution additional to the fifty cent rate. The amendment to section 121 just as clearly has the same effect, and when all three of the statutes are construed together there is no possible doubt about this proposition.

The first objection made by appellant to the county highway tax was that it is in excess of the rate of tax authorized by law. This objection was made upon the theory that this tax was levied under section 14 only, and that it did not authorize a rate of taxation exceeding fifty cents, including the highway tax. The county court properly overruled this objection for the reasons aforesaid.

Appellant also makes the argument that paragraph 6 of section 25, being inconsistent with section 14, repeals the latter section because passed and approved four days later. Appellant therefore made a second objection to said tax on the theory that if the same was extended pursuant to the provisions of paragraph 6 of section 25 the tax must be held invalid for the reason that said paragraph is unconstitutional and void because (1) it violates the constitutional provision requiring taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same;

and (2) that it is void because it violates section 22 of article 4 of the constitution, prohibiting special legislation.

The inconsistency of these two sections as pointed out by appellant is based upon the supposition that section 14 does not authorize a rate exceeding fifty cents for all county taxes, including the highway tax, and that paragraph 6 does authorize a rate in excess of fifty cents for all county purposes, including the highway tax. There is no such inconsistency between these two sections, as we have already shown, and both sections are in full force and effect. Both sections provide for one and the same tax and not for different taxes. Consistent statutes relating to the same subject are called statutes *in pari materia* and are treated and construed together as though they constituted one act, as already stated. It is therefore immaterial whether the county board actually intended to levy the tax in question under one of said sections or the other.

Paragraph 6 of section 25 divides the counties of this State into two classes, and provides, in substance, that county boards, in addition to all other county taxes, may levy the tax in question, not to exceed twenty-five cents, for improving and maintaining State aid roads, in all of those counties wherein additional taxes for improvement and maintenance of such roads have not been otherwise authorized by a vote of the people. In the other counties in which additional taxes for said purposes have been voted by the people, county boards of such counties are not authorized to levy such additional tax while the authority to levy the same by vote of the people continues to exist in such counties. The argument of appellant is that no reasonable basis for such classification is apparent, and that the statute is therefore arbitrary and unjustly discriminates between the two classes of counties, in violation of section 22 of article 4 of the constitution. Legislation which applies only to a certain class of individuals or counties is not necessarily

306—30

special legislation within the meaning of the constitution. Laws are general and uniform when alike in their operation upon all persons or counties in like situation. The legislature has the constitutional power to enact laws which, by reason of peculiar circumstances, may affect some persons or classes of persons only, if the class of persons upon whom the law is to operate possesses some common disability, attribute or qualification, or occupies some condition marking it as a proper object for the operation of special or class legislation. *Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302; *Off & Co.* v. *Morehead,* 235 id. 40.

Under the provisions of said section county boards may levy the entire limit°of twenty-five cents for the taxes aforesaid, or they may levy in any county where authorized, as aforesaid, any less rate for such taxes. It is pointed out by appellant that in those counties where the county boards have already been authorized by a vote of the people to levy such taxes the rates vary very materially. No known rule of uniformity prescribed by the constitution is violated by reason of these facts. County boards are never compellable to levy rates of taxation for county purposes the aggregate of which shall amount to the maximum rate allowed for taxation, or the same aggregate rate levied by any other county in the State, by any provision of the constitution. The legislature in passing said statutes had the right to assume that in all those counties in which county boards have been authorized by the people to levy an additional rate for the tax in question such counties are levying all the taxes of that character the people needed or desired or were reasonably able to pay, and it was therefore warranted in not extending the power in question to those county boards during the time such boards were authorized by the people to levy such taxes. Such classification is based upon sound reason and principle, and the act does not violate section 22 of article 4 of the constitution or any other provision there-

of. *People* v. *Chicago and Eastern Illinois Railway Co.* 305 Ill. 454; *People* v. *New York Central Railroad Co.* id. 434. The court properly overruled all of the appellant's objections, and its judgment is affirmed. *Judgment affirmed.*

Mr. CHIEF JUSTICE THOMPSON, specially concurring:

I agree with the conclusion reached by the court but I do not concur in the statement that paragraph 6 of section 25 of the County act divides the counties of the State into two classes. My views are expressed in a dissenting opinion filed in *People* v. *New York Central Railroad Co.* 305 Ill. 434.