(No. 15007.—Judgment affirmed.)

THE PEOPLE *ex rel.* T. W. Mercer, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed February 21, 1923.*

This case is controlled by the decisions in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 306 Ill. 459, *People* v. *Chicago and Eastern Illinois Railway Co.* 305 id. 454, and *People* v. *New York Central Railroad Co.* id. 434.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRICHARD, Judge, presiding.

PERRY D. TRIMBLE, (CAIRO A. TRIMBLE, J. A. CONNELL, EDGAR R. HART, and BERTRAND WALKER, of counsel,) for appellant.

CAREY R. JOHNSON, State's Attorney, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Pursuant to resolutions passed by the board of supervisors of Bureau county at its September meeting, 1921, the county clerk of that county extended against the taxable property in the county, including that of appellant, the Chicago, Burlington and Quincy Railroad Company, a tax rate of seventy-three cents on each $100 assessed valuation. Forty-eight cents of said taxes were extended for general county purposes and twenty-five cents thereof were extended for the purpose of improving and maintaining State aid roads in the county by authority of paragraph 6 of section 25 of the Counties act, as amended in 1921. Appellant filed objections to twenty-three cents of the State aid road tax, that being the amount of the excess of an aggregate rate of fifty cents on the $100 valuation, which aggregate rate it contends the county board could not exceed for all county purposes, including the State aid road tax. The county

court overruled appellant's objections and rendered judgment for $5004.33, the amount to which objection was made, and entered an order of sale against its property.

The first objection of appellant is, in substance, that paragraph 6 as amended in 1921, in so far as it authorizes the levy and extension of a tax of twenty-five cents on the $100 assessed valuation in addition to the maximum rate of fifty cents allowed for other county taxes, for the purpose of improving and maintaining State aid roads, is unconstitutional because discriminatory and special and class legislation, conferring special privileges and immunity upon the citizens, of certain counties of this State not conferred upon those of the other counties, and as conferring special powers upon the boards of supervisors of certain counties of the State not conferred upon those of the other counties, in contravention of the provisions of section 22 of article 4 of the State constitution. The second objection is to the effect that the taxes aforesaid are levied for two distinct purposes: First for improving, and second for maintaining, State aid roads in such county, contrary to the provisions of section 121 of the Revenue act as amended.

The only questions arising on this record are presented by the two objections above stated. The question as to the constitutionality of said paragraph was fully considered·by this court in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 306 Ill. 459, and cases there cited, which decisions are adverse to appellant's contention. Appellant's second point was decided against its contention in the cases of *People* v. *Chicago and Eastern Illinois Railway Co.* 305 Ill. 454, and *People* v. *New York Central Railroad Co.* id. 434.

The judgment of the county court is affirmed.

*Judgment affirmed.*