(No. 14938.—Reversed in part and remanded.)

THE PEOPLE ex rel. M. P. Murray, Jr., County Collector, Appellee, vs. THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellant.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. TAXES—*when additional road tax cannot be levied under section 25 of the Counties act.* Where additional taxes for the payment of the interest and principal of bonds for the construction of State aid roads have been authorized by a vote of the people of the county, the county board has no authority to make another levy for State aid roads under section 25 of the Counties act as amended in 1921.

2. SAME—*constitutional question cannot be first raised in the Supreme Court.* An objection attacking the constitutionality of the statute under which a tax levy was made cannot be raised in the Supreme Court on appeal from a judgment for delinquent taxes where no such objection was filed in the county court.

3. SAME—*city street and bridge tax must be included in limit for general purposes.* Since the amendment of 1919 to the statute authorizing a city having the corporate limits of a town to levy a tax for street and bridge purposes, (Laws of 1919, p. 731,) said tax, although in addition to any other tax the city may be authorized to levy for street and bridge purposes, must be included in the statutory limitation for general purposes.

4. SAME—*city tax for public benefits must be included in limit for general purposes.* A city tax levy for the payment of public benefits assessed against the city in making public improvements must be included in the limit for general corporate purposes unless expressly exempted from the statutory limitation.

5. SAME—*city tax levies for firemen and police pension funds must be included in rate for general purposes.* City tax levies for firemen and police pension funds, while not subject to reduction, must be included in the rate allowed for general city purposes.

6. Other questions in this case are controlled by the decisions in *People* v. *Chicago and Eastern Illinois Railway Co.* 305 Ill. 454, and *People* v. *New York Central Railroad Co.* id. 434.

THOMPSON, C. J., dissenting.

APPEAL from the County Court of St. Clair county; the Hon. JOSEPH B. MESSICK, Judge, presiding.

C. P. Hamill, (E. C. Kramer, and H. F. Driemeyer, of counsel,) for appellant.

John E. Hamlin, (H. L. Browning, of counsel,) for appellee.

Mr. Justice Dunn delivered the opinion of the court:

At its June term, 1922, the county court of St. Clair county, after overruling the objections of the Louisville and Nashville Railroad Company, rendered judgment and order of sale for taxes against its property, and the company appealed.

The tax levied by the county board required a rate of ninety-three cents upon the $100, being fifty cents for general purposes, twenty-five cents for county highway tax, fifteen cents for highway bonds and interest and three cents for detention home.

Objection was made to the county highway tax for the reason that the amendment of section 25 of the County act, under which the tax was levied, is discriminatory and in violation of the constitution; that it does not authorize the extension of a twenty-five cent rate for a county highway tax in addition to the fifty cent limit for ordinary county purposes; that it does not authorize county boards to levy a tax of twenty-five cents on the $100 valuation for improving and maintaining State aid roads and for paying interest and principal of bonded indebtedness theretofore duly authorized for the construction of State aid roads in a county where such additional taxes for said bonds and interest or improvement and maintenance have otherwise been authorized by a vote of the people; and that said county highway tax is illegal and void because the levy did not state the separate amounts for the various purposes mentioned in the levy. The objections were all overruled, the first properly so, as held in *People* v. *Chicago and Eastern Illinois Railway Co.* 305 Ill. 454, the second as held in

*People* v. *New York Central Railroad Co.* 305 Ill. 434, and the fourth as held in both the cases cited. The third objection, however, should have been sustained. In November, 1916, an issue of $1,500,000 of bonds for the construction of State aid roads was authorized by a vote of the people of St. Clair county, and on June 6, 1921, at the judicial election held on that day, the proposition to levy a rate of twenty-five cents on the $100 valuation in excess of the legal limit for the period of seventeen years, to pay the principal and interest of that bond issue, was submitted to the people of the county and the majority of the votes cast was in favor of the proposition. Additional taxes for the payment of the interest and principal of bonds for the construction of State aid roads in the county having thus been authorized by a vote of the people of the county, section 25 of the County act, as amended, conferred no power to make another levy for State aid roads. *People* v. *New York Central Railroad Co. supra.*

Counsel for the appellant have argued that the county highway tax is invalid also because the act of June 24, 1921, to establish a system of State highways, is unconstitutional for various reasons, but as no such objection was filed in the county court the question cannot arise in this court of review. *People* v. *New York Central Railroad Co.* 296 Ill. 187; *Old Ben Coal Corp.* v. *Industrial Com.* 302 id. 96.

The city of East St. Louis levied taxes for general purposes requiring a rate of $1.33⅓ on the $100, and in addition thereto other rates, which were objected to by the appellant on the ground that they should have been included in the rate of $1.33⅓ for general purposes. These taxes are a street and bridge tax of twenty-four cents, two cents each for the firemen's fund and policemen's fund and thirteen cents for public benefits. The street and bridge tax was levied under an act passed in 1911, (Laws of 1911, p. 186,) "to authorize cities and villages, which include wholly within their corporate limits, a town or towns, to

levy for street purposes a tax in addition to the tax of one and two-tenths percentum upon the aggregate valuation of all property within such city, village or incorporated town, as now prescribed by law." The act provided that the council of a city so situated should have power to levy a tax for street and bridge purposes not exceeding thirty-six cents on the $100, which should be in addition to any tax such city was then authorized to levy for street and bridge purposes and in addition to the tax of one and two-tenths per cent which the city was authorized to levy. Before the passage of this act the city council of a city whose limits were co-extensive with a town was not authorized to levy a tax for street and bridge purposes in excess of the limit of taxation established by law, (*People* v. *Chicago and Alton Railroad Co.* 172 Ill. 71,) but this act clearly authorized such tax regardless of the limitation. Both the title and the body of the act were amended in 1919, (Laws of 1919, p. 731,) the title to read, "An act to authorize cities and villages, which include wholly within their corporate limits, a town or towns, to levy for street purposes a tax in addition to the tax that any such city, village, or incorporated town is now authorized to levy," and the body of the act omitting the provision that the tax should be in addition to the tax which the city was then authorized to levy but containing the provision: "Said street and bridge tax authorized by this act shall be in addition to any tax any such city, village or incorporated town is now authorized to levy for street or bridge purposes and shall be in addition to the tax that such city, village or incorporated town is now authorized to levy upon the aggregate valuation of all property within such city, village or incorporated town, and the county clerk, in reducing tax levies under the provisions of section two (2) of an act entitled, 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as subsequently amended, shall consider said street and bridge tax, authorized by this act as a road

and bridge tax, and not to be included in the limitation of two (2) per cent of the assessed valuation upon which taxes are required to be extended." This is substantially the language of the Mothers' Pension act and the Tuberculosis Sanitarium act, which received the consideration of the court in *People* v. *Wabash Railway Co.* 286 Ill. 15, *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 id. 214, and *People* v. *Chicago, Burlington and Quincy Railroad Co.* id. 191, and was held to mean only that the taxes should be in addition to other taxes authorized to be levied and should not be subject to reduction, but not that they should be in excess of the statutory limitation. The fact that the reference to the statutory limitation on the rate of taxation by the city was stricken out of both the title and the body of the act, of itself conclusively determines that the rate provided in the act was not to be in excess of that limitation.

The public benefits tax was levied under an act amendatory of the Local Improvement law passed in 1917 and subsequently amended in 1919 and 1921, which provides that "any city, village or incorporated town having over 2500 and not more than 200,000 inhabitants, may provide by ordinance for the levy in addition to the taxes now authorized by law, a direct annual tax for not exceeding twenty successive years and not exceeding two mills on the dollar, of all taxable property in such city, town or village, the same to be levied and collected with and in like manner as the general tax in such city, town or village, and to be known as the public benefit tax, and the fund arising therefrom shall be known as a public benefit fund, which fund shall be used solely for the purpose of paying that portion of the several amounts heretofore assessed against such municipality for public benefits as well as for paying any such amounts as may be hereafter so assessed for such benefits under and in pursuance of any ordinance that may be hereafter passed." (Laws of 1921, p. 199.) The language

307–12

of this act is that the city may make the levy "in addition to the taxes now authorized by law." In this respect it is like the language in the cases which have been cited and cannot be regarded as conferring authority to disregard the limit of taxation fixed by the statute. It merely expressly authorizes the levy of a particular tax in addition to other taxes authorized and does not authorize the levy of an amount in excess of the statutory limitation. Such a tax for the payment of public benefits against the city in the making of public improvements must be included in the levy for the general corporate purposes of the city unless expressly exempted from the statutory limitation. *People v. Chicago and Eastern Illinois Railroad Co.* 295 Ill. 284.

The tax for the two pension funds is levied by virtue of the authority of paragraph 10 of section 1 of the Police Pension Fund act as amended in 1921, (Laws of 1921, p. 311,) and of paragraph (*f*) of section 2 of the Firemen's Pension Fund act as amended in 1919. (Laws of 1919, p. 742.) The language of both these acts is substantially the same as that of the Mothers' Pension act and the Tuberculosis Sanitarium act, which were construed in the cases which have been cited and must receive the same construction as was given to it in those cases. These taxes should be included in the rate for general city purposes.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain the objections to the levy of the city of East St. Louis for streets and bridges, for policemen's pension fund, for firemen's pension fund and for public benefits, and to the county highway tax, and to overrule the objections to the residue of the county tax.

*Reversed in part and remanded.*

Mr. CHIEF JUSTICE THOMPSON, dissenting: I dissent from the holding with respect to the county highway tax, my reasons appearing in my dissent to the opinion in *People v. New York Central Railroad Co.* 305 Ill. 434.