(No. 19425.—<span style="color:black"></span>)

THE PEOPLE *ex rel.* Leslie B. Rocke, County Collector, Appellee, *vs.* THE EASTERN ILLINOIS AND MISSOURI RAILROAD COMPANY, Appellant.

*Opinion filed June 19, 1929.*

K. L. RICHMOND, WHITNEL & BROWNING, and REED GREEN, for appellant.

DEWEY & CUMMINS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The railroad company, appellant, objected to judgment against its railroad for taxes and appealed from the judgment against it.

The only question presented is whether the following item in the tax levy ordinance: "Sixth, to pay the cost of constructing, re-constructing and repairing streets, roads

and alleys, including the village's portion of said work or improvement done by special assessment or special taxation, $2500," is subject to the objection that it "levies a tax for two separate purposes without designating the amount for each purpose separately, as required by law."

Section 1 of article 8 of the Cities and Villages act requires the tax levy ordinance to specify in detail the purposes for which all appropriations to be collected from the tax levy of the fiscal year have been made and the amount appropriated to each purpose. The object of this requirement is to furnish the tax-payer with information to enable him to require the application of funds raised by taxation to the purpose for which they were raised, to prevent the application of such funds to purposes for which they were not raised, and to prevent the raising, by taxation, of greater amounts than necessary for legitimate corporate purposes. It is not necessary to specify every item which the village may pay out upon an appropriation. A single appropriate general purpose is sufficient to include every expenditure required for that purpose though there may be many items. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 529; *People* v. *Illinois Central Railroad Co.* 271 id. 236; *People* v. *Chicago and Alton Railroad Co.* 273 id. 452; *People* v. *Clark,* 296 id. 46.) A levy to pay judgments recovered against the county is for a single purpose though there may be a dozen judgments for as many causes of action of different character. A levy for constructing, maintaining and repairing streets and alleys is for a single purpose. *People* v. *Millard,* 307 Ill. 556.

A village has a right to pay by general taxation its part of the cost of a local improvement made by either special assessment or special taxation. (*Village of Bradley* v. *New York Central Railroad Co.* 277 Ill. 608; *City of Chicago* v. *Brede,* 218 id. 528; *Hughes* v. *City of Momence,* 163 id. 535.) An item of a village tax for "special

assessment" must be regarded as a tax for general corporate purposes. *People* v. *Chicago and Eastern Illinois Railroad Co.* 295 Ill. 284; *People* v. *Louisville and Nashville Railroad Co.* 307 id. 173; *People* v. *Illinois Central Railroad Co.* 307 id. 457.

The judgment of the county court is affirmed.

*Judgment affirmed.*