(No. 15013.—Reversed in part and remanded.)

THE PEOPLE ex rel. Patrick J. Carr, County Collector, Appellee, vs. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed April 18, 1923.*

1. MUNICIPAL CORPORATIONS—*exercise of the power to borrow money and issue bonds rests in discretion of council.* The power of a city to borrow money and to issue bonds therefor, being conferred in general terms by the constitution and by statute, is subject only to such limitation as is expressly made by law, and the courts, as a rule, will not interfere with the discretion of the city council in issuing such bonds.

2. SAME—*when municipal bonds have attributes of negotiable paper.* Where municipal bonds are negotiable in form, payable at a future date, intended for sale on the market and issued pursuant to legislative authority, notwithstanding they are under seal, they are clothed with all the attributes of commercial paper, pass by delivery or indorsement, and where the power to issue them exists they are not subject to equities in the hands of holders for value before maturity, without notice.

3. SAME—*when city may issue bonds to meet corporate indebtedness.* Where a city is unable to collect sufficient taxes to pay indebtedness which it has incurred in the conduct of the city it may pass an ordinance authorizing the issue of bonds, which, when approved by the voters of the city, will authorize a levy of taxes to pay the principal and interest thereon; and it is not a good objection to the collection of such taxes that the city is accomplishing indirectly what it could not do directly.

4. SAME—*city taxes for street and bridge purposes, pension funds and public benefits must be included in corporate rate.* City tax levies for street and bridge purposes, public playgrounds, firemen's and police pensions and public benefits must be included within the limit of one and one-third per cent for general corporate purposes, as provided in section 111 of the Cities and Villages act. (*People* v. *Louisville and Nashville Railroad Co.* 307 Ill. 173, and *People* v. *Chicago and Eastern Illinois Railway Co.* 306 id. 402, followed.)

APPEAL from the County Court of Cook county; the Hon. F. S. RIGHEIMER, Judge, presiding.

LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, W. W. DEARMOND, LEON HORNSTEIN, and RALPH CONDEE, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The county collector of Cook county made application to the county court of said county for judgment, which was thereafter entered, against appellant's property for delinquent taxes for the year 1921. These involve certain taxes levied in favor of the city of Chicago and others levied in favor of certain villages, including Glencoe, Winnetka, Oak Park and Bellwood, and the city of Evanston. The Chicago and Northwestern Railway Company has brought the cause to this court for review.

It was objected by the appellant that the taxes levied in favor of the city of Chicago were in part illegal and invalid because they were levied for taxes not authorized by the constitution and the statute of the State. It appears from the record that after the taxes for the city of Chicago were levied and collected for the year 1920, as provided by the appropriation ordinance of the city, there was found to be a deficiency amounting to $8,000,000. In the year 1921 this deficiency was shown to be partly in the form of open indebtedness on vouchers and pay-rolls of the city and partly in the form of judgments against the city. Thereafter the city council passed an ordinance authorizing bonds to the extent of $8,000,000, and this ordinance was submitted to a referendum vote, as required by law, and approved by the voters of the city. Bonds were thereafter issued and sold and all or a part of the proceeds used to pay indebtedness theretofore incurred by the city. In the

year 1921 the city levied $600,000 for principal and $350,-
000 for interest, to pay the interest on all of these bonds
and to take up and retire some of them, and it is insisted
that the levy so made is illegal and unconstitutional.

The power of the city to borrow money and to issue
bonds therefor is conferred by the constitution of this State
and by the statute. (Const. of 1870, art. 9, sec. 12; 1 Hurd's
Stat. 1921, clause 5, p. 326.) Where such power is con-
ferred in general terms by the constitution and the statute
it is only subject to such limitation as is expressly made
by law. (1 Dillon on Mun. Corp.—5th ed.—sec. 288, and
authorities there cited.) The courts, as a rule, will not in-
terfere with the legislative discretion as to making appro-
priations. (*People* v. *Village of Hyde Park*, 117 Ill. 462.)
The city council is allowed a like discretion as the legisla-
ture of the State as to issuing such bonds. (*People* v. *Bow-
man*, 253 Ill. 234.) When municipal bonds are negotiable
in form, payable at a future date, intended for sale on
the market and issued pursuant to legislative authority, not-
withstanding they are under seal, they are clothed with all
the attributes of commercial paper, pass by delivery or in-
dorsement, and where the power to issue them exists are
not subject to equities in the hands of holders for value
before due, without notice. (2 Dillon on Mun. Corp.—
5th ed.—sec. 871.) In 1920 the city council of the city
of Chicago passed an appropriation bill which made appro-
priations amounting to over $36,000,000 from the general
corporate purpose fund for paying the obligations of the
city for the current corporate expenses. There is nothing
in the record to show that the $8,000,000 appropriated for
the current expenses of 1921 was not for indebtedness in-
curred in good faith by the city authorities or that any part
of it was not a lawful charge against the general corporate
fund of the city. It appears from the record that it was
not possible for the county clerk to extend the taxes at a
higher rate than was done for the current expenses for

1921. Notwithstanding this fact, a sufficient tax was not collected to pay all these current expenses. We do not understand that the constitution or the various sections of the Cities and Villages act forbid the city authorities from issuing bonds for the payment of indebtedness that it has incurred in the conduct of the city, if they are not able to collect sufficient taxes to pay the same.

It is insisted by counsel for appellant on this point, as we understand their argument, that if these bonds were properly issued by the city and money can now be collected by taxation to pay them, then the city authorities are obtaining indirectly what they could not obtain directly because of the prohibition against indebtedness extending beyond the constitutional limitation of five per cent of the value of the taxable property ascertained by the last preceding assessment. Clause 5 of section 1 of article 5 of the Cities and Villages act (1 Hurd's Stat. 1921, p. 326,) gives to the city authorities the power "to borrow money on the credit of the corporation for corporate purposes, and issue bonds therefor, in such amounts and form, and on such conditions as it shall prescribe." Our attention has been called to no provision of the constitution or statutes, and we know of none, which prohibits the issuing of bonds for general corporate purposes of the city.

It would seem to be argued by appellant that because the statute expressly provides for an annual tax levy for current expenses of the corporation, such provision of the statute must be construed so as to preclude the city from the right to raise funds for the current expenses through the medium of bonds. This argument of counsel would seem to be, indirectly at least, answered by the reasoning of this court in *People* v. *Village of Hyde Park, supra,* and *People* v. *Bowman, supra,* and more directly by the holding in *Stone* v. *City of Chicago,* 207 Ill. 492. This last case was brought against the city of Chicago and its mayor and comptroller to prevent the issuance of bonds, the proceeds

of which were to be used for paying off judgments. There were two grounds of objection urged: that the debt limitation would be exceeded, and that inasmuch as cities are given power by the last paragraph of section 3 of article 7 of the Cities and Villages act to borrow money with which to pay judgments recovered against them, that method of raising funds to pay judgment indebtedness of a city is exclusive. This court in discussing that argument said (p. 503): "The sections of article 7 above referred to pertain to the annual expenditures of cities, and a method is provided therein whereby funds may be raised to meet the temporary pressing financial wants of such municipalities by a system of short loans, which in no event shall extend beyond the close of the next fiscal year. Those sections do not, in express terms or by implication, refer to or limit the powers of cities to borrow money on twenty-year bonds, conferred upon such municipalities by paragraph 5 of section 1 of article 5 of the City and Village act, or by section 1 of the act of 1865 as amended. Neither is the power to make the temporary loans provided for in article 7 inconsistent with the powers conferred upon cities under said other legislative enactments to make long-time loans and issue bonds therefor, and from a consideration of all the legislation upon the subject it seems plain that cities have the power to issue twenty-year bonds for the purpose of obtaining funds for corporate purposes and with which to raise money to retire outstanding bonds issued by or other indebtedness due from such municipalities, and that section 3 of article 7 of the City and Village act contains no limitation upon those powers, but that such powers are as full and complete as though said section 3 was not in force." The opinion in that case also comments favorably on *City of Huron* v. *Second Ward Savings Bank,* 30 C. C. A. 38, saying on page 503, that the objection made to a recovery upon the bonds sued upon was that "the power granted by the charter to the city council to pay current expense war-

rants of the city by a tax levy implies the exclusion of the power to refund such warrants by the issue of negotiable bonds. The court said: "The contention would be worthy of serious consideration if the express power to issue negotiable bonds was not also granted to the city council by this charter, but the charter grants to the council authority 'to appropriate money and provide for the payment of the expenses and indebtedness of the corporation,' and gives it both the power to levy taxes and the power to borrow money and issue bonds for this purpose. It cannot be that the grant of either of these powers excludes either, and the choice of the method by which the indebtedness of. the city should be paid is left to the discretion of the council.'" This court also in *Stone* v. *City of Chicago, supra,* quotes approvingly from *Taylor* v. *Thompson,* 42 Ill. 9, where it was held that a tax for a corporate purpose was "one to be expended in a manner which shall promote the general prosperity and welfare of the municipality which levies it;" and also quotes with approval from *National Life Ins. Co.* v. *Mead,* 13 S. D. 37, where it was held that the power to issue bonds is co-extensive with the power to borrow money, and that either power might be exercised for any corporate purpose, and that the payment of legal municipal debts is clearly a corporate purpose.

While the facts in the *Stone case, supra,* are not on all-fours with the facts in this case, the principles involved and considered in the opinion in that case are principles that are discussed and relied on by counsel for appellant in this case with reference to the issuing of these bonds and the payment of the principal and interest thereon.

Under the authorities the conclusion necessarily follows that these bonds having been issued by the city in good faith and authorized by vote of the people on a referendum vote were legally issued, so that the city is liable not only for the payment of the principal but the interest thereon, and the objection of counsel for appellant as to the levy-

ing of taxes for paying the principal and interest of these bonds is without merit.

Counsel for appellant also objected to certain taxes levied for the villages of Glencoe, Winnetka, Oak Park and Bellwood and the city of Evanston, stating in their brief that the legal principle involved in the objections as to those various municipalities is the same, and involves the question whether as to said city and villages the county clerk, in determining and extending the rate for taxes, should include taxes for street and bridge purposes, public playgrounds, firemen and police pensions, and public benefits, within the limit of one and one-third for general purposes, as provided in section 111 of the Cities and Villages act. All of these questions were practically passed upon by this court contrary to the contentions of appellee in *People* v. *Louisville and Nashville Railroad Co.* 307 Ill. 173, and also *People* v. *Chicago and Eastern Illinois Railway Co.* 306 id. 402. Under the decisions in those cases the objections to the taxes levied for the villages of Glencoe, Winnetka, Oak Park and Bellwood and the city of Evanston should have been sustained in the county court for the reasons given in those cases.

There is also an objection by appellant as to the school taxes extended by the city of Chicago with reference to eight cents for free text books and three cents for playgrounds. The objections to the taxes for free text books and playgrounds, under the reasoning of this court in *People* v. *Louisville and Nashville Railroad Co. supra,* should have been sustained.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain the objections to the taxes of the villages of Glencoe, Winnetka, Bellwood and Oak Park and the city of Evanston involved in this litigation, as being within the limitation required by statute to be kept within the one and one-third rate, to also

sustain the objection to the tax levy of the city of Chicago for free text books and playgrounds, and to overrule the objection to the city of Chicago tax for payment of bonds and interest thereon.    *Reversed in part and remanded.*