(No. 15694.—Reversed and remanded.)

THE PEOPLE *ex rel.* J. G. Gregg, County Collector, Appellee, *vs.* THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1923.*

TAXES—*the county clerk cannot change assessment made by the tax commission.* The county clerk has no authority to increase the amount of property or the assessed value of property certified to him by the tax commission or to review or revise the same, but his duty is to extend the tax in accordance with the certificate.

APPEAL from the County Court of Gallatin county; the Hon. W. S. SANDERS, Judge, presiding.

ROEDEL & ROEDEL, and KRAMER, KRAMER & CAMPBELL, (MORISON R. WAITE, and WILLIAM A. EGGERS, of counsel,) for appellant.

JOSEPH L. BARTLEY, State's Attorney, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

About forty years ago appellant, the Baltimore and Ohio Southwestern Railroad Company, and the Louisville and Nashville Railroad Company, both of which operate extensive railroad systems in this State, leased for a term of 999 years 28,018 feet of railroad track in Gallatin county

from the Southeast and St. Louis Railway Company. For purposes of taxation the two lessees are regarded as the owners of the leased property, and as far as this case is concerned each of the lessees is the owner of an undivided half of the 28,018 feet of right of way. In May, 1922, appellant made a return of its property for taxation to the county clerk of Gallatin county and to the State tax commission. In the schedule filed it showed the fact that it owned the 28,018 feet of right of way jointly with the Louisville and Nashville Railroad Company, and returned 14,009 feet of the right of way as property belonging to it and which should be assessed in its name for taxing purposes. The tax commission followed this schedule in assessing the property of appellant located in Gallatin county, and certified to the county clerk that it had fixed the value of the 88,385 feet of main track returned by appellant at $167,396, and directed him to apportion the value to the several assessing districts in his county entitled to an apportionment. In extending taxes against the railroad track of appellant in the several taxing districts the county clerk extended the tax against the full 28,018 feet of right of way, thereby raising the assessed value of appellant's main track from $167,396, as fixed by the tax commission, to $193,955. He also extended taxes against the Louisville and Nashville Railroad Company for the same 28,018 feet of right of way. The above facts are stipulated or established by evidence received without objection. Appellant refused to pay the tax extended against it for the 14,009 feet of railroad track added by the county clerk to the footage certified to him by the tax commission, and the county collector made application for judgment for this unpaid tax. Appellant objected to the tax on the ground that the county clerk had no authority to increase the footage and assessed valuation certified to him by the tax commission, and that no taxing authority had a right to assess the whole of the 28,018 feet

of right of way to each of the joint owners. This objection was overruled. Judgment was entered against the property of appellant, and it has appealed.

The Revenue act makes it the duty of the tax commission to assess all railroad property denominated "railroad track" and "rolling stock." (Laws of 1919, p. 719.) After the tax commission completes its assessments it certifies the same to the several county clerks, and each county clerk is directed to "distribute the value so certified to him to the county and to the several towns, districts, villages and cities in his county entitled to a proportionate value of such 'railroad track' and 'rolling stock,'" and to "extend taxes against such values the same as against other property in such towns, districts, villages and cities." (Laws of 1919, p. 724.) The county clerk is nowhere given authority to review and revise the assessments made by the tax commission. Whether the tax commission erred in dividing the footage of the right of way owned jointly by the two railroad companies and assessing one-half of the footage to each of the joint owners is not the question presented by this proceeding. It is clear that the county clerk had no authority to increase the amount of property or the assessed value of property of appellant certified to him by the tax commission, and the objection of appellant to the excess tax should have been sustained. Appellant is liable for the tax extended against it in accordance with the certificate of the tax commission, and for no more.

The judgment is reversed and the cause is remanded to the county court of Gallatin county for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*