(No. 15607.—Reversed and remanded.)

THE PEOPLE *ex rel.* J. G. Gregg, County Collector, Appellee, *vs.* THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellant.

*Opinion filed February 19, 1924.*

1. TAXES—*the county clerk has no authority to assess property.* The county clerk is not an assessing officer and has no authority to assess property for taxation by virtue of any statutory authority he may have to correct errors.

2. SAME—*a railroad corporation cannot be assessed for entire property which it owns in common with another road.* Where it is stipulated that a railroad corporation owns only a one-half interest in certain railroad track which it uses in common with another railroad company it cannot be assessed for taxation or required to pay taxes on the half owned by the other company.

APPEAL from the County Court of Gallatin county; the Hon. W. S. SANDERS, Judge, presiding.

CHARLES P. HAMILL, (ROEDEL & ROEDEL, of counsel,) for appellant.

JOSEPH L. BARTLEY, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon application to the county court of Gallatin county for judgment against the property of the appellant, the Louisville and Nashville Railroad Company, delinquent for taxes of 1922, the appellant filed a number of objections, some of which were sustained and others overruled and judgment was entered accordingly. Among the objections overruled was the ninth, and upon this appeal the only error assigned is the overruling of that objection.

The ninth objection was that the county clerk had increased, without authority of law, the assessed valuation of the main track of appellant's railroad in Gallatin county

as fixed and determined by the State tax commission and returned to the county clerk, and that such unlawful increase was $33,189. The appellant made a return to the tax commission of its property in Gallatin county for the year 1922, giving the total length of main track as 71,918 feet, and stating that 28,038 feet of such main track was operated jointly with the Baltimore and Ohio Southwestern Railroad Company and that one-half of the value thereof was deducted in the column giving the valuation of the main track. The tax commission assessed the main track so returned for the full distance stated in the return, setting down the figures in the column for that purpose as ten miles and 5099 feet. The commission assessed the main track at $2.367424 per foot, amounting to $137,072.

The facts in regard to the portion of the main track as to which the appellant returned a half interest were stipulated and are as follows: About the year 1881 or 1882 the Southeast and St. Louis Railway Company, owner in fee of a right of way from McLeansboro to Shawneetown and across Gallatin county, by separate leases leased 28,018 feet of such right of way for 999 years to the appellant and the Baltimore and Ohio Southwestern Railroad Company for their joint and common use, and since that time the two railroad companies have operated their railroads over the 28,018 feet as part of their main tracks, respectively. The county clerk extended taxes against all of said 28,018 feet of right of way as main track of the appellant, at the valuation of $2.367424 per lineal foot fixed by the tax commission, as owner of the whole title, thereby increasing the assessment of main track $33,189, and likewise assessed the same 28,018 feet as main track of the Baltimore and Ohio Southwestern Railroad Company at the rate fixed by the tax commission, as owner of the whole.

The county clerk, on the assumption that the tax commission had only assessed the appellant with one-half of the joint track and ought to have assessed it for the whole,

multiplied one-half of the length of the joint track in feet by the assessed rate of the main track per foot as returned by the tax commission and added it to the assessment. The right to do this is claimed under the statutory authority given to county clerks, upon receipt of the assessments from township assessors, to correct all errors, of whatsoever kind, which he may discover. Whether that provision of the statute applies to this case or not, there was no error to correct but the action of the clerk was based on the conclusion that the assessment by the tax commission was wrong and that he had a right to supervise and change it according to his theory of the law.

Counsel for the appellee admits that an increase of the value of the appellant's property by the county clerk would be unconstitutional and void, but says that objection 9 in the county court did not raise a constitutional question and therefore it cannot be raised here. There is no reason to refer to the constitution, because the county clerk is not an assessing officer and has no authority by law to assess property.

There is a great deal of argument and authority respecting the duty and liability of owners of property to pay taxes on such property according to its value, but no authority is referred to which requires a person or corporation to do more than to pay taxes upon the property it owns. The evidence and stipulation showed that appellant only owned a one-half interest in 28,018 feet of main track, and it could not be assessed for taxation or required to pay taxes on the other half, owned by the Baltimore and Ohio Southwestern Railroad Company. *People* v. *Baltimore and Ohio Southwestern Railroad Co.* 310 Ill. 259.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*