(No. 15692.—Reversed and remanded.)

THE PEOPLE *ex rel.* S. L. James, County Collector, Appellant, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY *et al.* Appellees.

*Opinion filed October 28, 1924.*

1. TAXES—*record of school board may be amended to show correct date of levy.* Where it is not disputed that a school board met on the first Tuesday in August and made its annual levy for educational purposes on said date, but that the secretary of the board, not being present until a subsequent meeting, dated the record as of the date of the subsequent meeting, the record may be amended to show the proper date of the tax levy.

2. SAME—*what constitutes the levy of a school tax.* It is the action of the school board in ascertaining how much money must be raised by special tax for educational or building purposes which constitutes the levy of a school tax, and the certificate of levy required by section 190 of the School law, as amended in 1909, is merely the evidence of the board's action and the authority of the county clerk to extend the tax.

3. SAME—*school tax levied at proper time is not vitiated by failure to file certificate in required time.* A school tax which is determined by proper action of the board at its regular meeting on the first Tuesday in August is not vitiated by failure to file the certificate of levy or to return it to the county clerk in the required time, as section 190 of the School law, as amended in 1909, expressly provides for such contingency.

APPEAL from the County Court of Effingham county; the Hon. BARNEY OVERBECK, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, and PAUL TAYLOR, State's Attorney, (WALTER C. KLITZING, of counsel,) for appellant.

.PARKER & BAUER, (H. T. DICK, ROBERT N. HOLT, and L. H. STRASSER, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The board of education of Altamont Community High School District No. 82, in Effingham county, as shown by its record, met on August 1, 1922, being the first Tuesday of August, for the purpose of making the annual tax levy for the following year, and all members of the board were present. The record of that meeting further shows that on motion of J. E. Rhodes, a member of the board, it was resolved that the school district levy a tax for educational purposes in the sum of $8000 and that no tax be levied for building purposes, and that the president and clerk of the board be directed to file a certificate of levy in that amount. The certificate of levy for the district was dated August 11, 1922, and it was filed by the county clerk August 14, 1922. The board of directors of school district No. 50, in Effingham county, as shown by its record, met on August 1, 1922, all members being present. That meeting was the regular meeting, and on motion of Rhodes, second by Siebert, members of the board, it was unanimously voted that the board levy the sum of $15,000 for educational and $6000 for building purposes for the following school year. The certificate of levy was dated August 4, 1922, and was filed with the county clerk August 14, 1922. On application to the county court of said county for judgment for delinquent taxes for said school districts, the Chicago and Eastern Illinois Railroad Company, the Chicago, Paducah and Memphis Railroad Company and the Wabash Railway Company appeared and filed objections to the taxes levied by both districts. The objections were in substance the same for all three of the objectors, that the levies for the two school districts were not made and certified by the town treasurer on or before the first Tuesday in August, 1922, as required

by the statute. It was stipulated that each objection was heard upon the same evidence and that the same points were presented and argued to the court; that the objections were consolidated and tried by the court as one case, and that an order and judgment were entered by the court sustaining the objections and abating the taxes; that one record and a bill of exceptions shall be filed for the three cases, and that in case of appeal the causes shall be treated as consolidated and a judgment may be entered in the Supreme Court applying to all objections; and that on trial in the county court the county collector made a *prima facie* case showing a right of recovery for all the taxes.

The evidence on behalf of the community high school district and of the other school district shows that both boards met on the same day, August 1, 1922, for the purpose of levying taxes for the following school year; that both districts made the levies for taxes as already stated, and that both of the certificates of levy were made and filed on the respective dates above stated. The evidence shows as to school district No. 50 that the secretary of the board was not present on the day of this meeting, and that at the close of the meeting on August 1, 1922, there was an adjournment of the board for further business to August 4, 1922. In writing up the minutes or record of the meeting of August 1, the regular secretary, who was not present at that meeting, showed the date of the meeting for levying the taxes as of August 4. On the hearing of the objections the record of school district No. 50 was amended so as to show that the board met on August 1 and made the levy of taxes aforesaid and then adjourned to August 4, in accordance with the facts testified to by the witnesses. The evidence showed very clearly that the two school boards met on August 1 and that the board of school district No. 50 did adjourn to August 4 for further business. It appears that Moll and Rhodes were members of both boards. The record or minutes of the high school board

as the same appeared on the trial bore date of August 1, 1922, and had never been changed or corrected. One of the reasons for the witnesses remembering that the board of school district No. 50 met on August 1 for the purpose aforesaid is the fact that both school boards met on the same day, and the further fact that the meeting of the high school board bore date of August 1, 1922, which was the correct date of the meeting for that district. The facts that furnished the basis for the amendment of the record of school district No. 50 were not disputed by the railroad companies. It had the right, under the law, of amending its record to correspond with the facts. *Turley* v. *County of Logan,* 17 Ill. 151; *County of DuPage* v. *Highway Comrs.* 142 id. 607; Hurd's Stat. 1921, sec. 191, p. 2687.

Section 190 of the School law provides that the board of directors or board of education of each district shall ascertain as nearly as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the ensuing year, and that such amount shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually, and that the certificate shall be signed by the president and clerk or secretary. It further provides that the township treasurer shall return the certificate to the county clerk on or before the second Monday of August, and that a failure by the school board to file its certificate or of the treasurer to return it to the county clerk in the time required shall not vitiate the assessment. The certificate of levy required by section 190, as amended in 1909, is the evidence of the board's action and the authority of the county clerk to extend the tax but is not itself the levy, as it is the action of the board in ascertaining how much money must be raised by special tax for educational or building purposes which constitutes the levy. (*People* v. *Cox,* 301 Ill. 130.) As section 190 expressly provides that a failure by the school board to file a certificate of the special tax levy or of the

treasurer to return it to the county cleik in the required time shall not vitiate the assessment, and as the taxes here complained of were shown to be levied by the school boards on the first Tuesday in August, the county court was not justified in denying judgment for the taxes. The record of school district No. 50 was properly amended under the evidence.

The judgment of the county court is reversed and the cause is remanded, with directions to enter judgment for both school districts for the taxes in question.

*Reversed and remanded, with directions.*

---

(No. 14468.—Reversed and remanded.)
NANCY STEPHENS *vs.* EMMA B. COLLISON *et al.* Appellants.—(JOSEPHUS W. MARTIN, Appellee.)

*Opinion filed October 28, 1924.*