THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellant, *vs.* THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellee.

*Opinion filed April 24, 1925.*

1. TAXES—*power to tax is legislative.* The power to tax is a legislative power, and the levy of a tax, whether State or local, is a legislative act.

2. SAME—*municipal corporations have no power to levy taxes except at authorized rates.* Public or municipal corporations must have express authority, under the constitution or statute, to levy and collect taxes for local purposes, and they have no power to levy taxes at rates exceeding the limitations fixed by the constitution or by statutory enactment.

3. SAME—*what constitutes the levy of a local tax.* In the case of local taxation the body vested with the power to tax is charged with the duty of ascertaining and fixing the sum of money necessary for its lawful purposes, and its action in ordering or directing that sum to be raised constitutes the levy of the tax.

4. SAME—*power to tax cannot be delegated to ministerial officers.* Municipal corporations cannot delegate the power to tax nor can a tax be levied by purely ministerial officers, and after a tax is once levied, further proceedings, such as extending, assessing and collecting the tax, are administrative.

5. SAME—*extension of tax by county clerk is a ministerial duty.* The county clerk has no power to levy taxes nor to determine whether taxes have been legally assessed, and the duty which he is required to perform in the extension of taxes is neither legislative nor judicial but purely ministerial in character.

6. SAME—*tax must be extended at rate authorized at time of levy.* Where a tax is once levied its extension must be at a rate not exceeding that authorized when the levy was made.

7. SAME—*amendment of statute authorizing a higher rate does not apply to levy already made.* The validity of a tax is to be determined as of the time it is levied, and an amendment to an existing statute authorizing the levy of a higher maximum rate is not, in the absence of express words to that effect, retrospective in its operation, and has no application to a levy already complete so far as the tax-levying authorities are concerned.

8. STATUTES—*act will not be given retrospective effect unless such intention is shown.* An act of the General Assembly will not be given a retrospective effect unless the legislative intent to give it such effect clearly and unequivocally appears.

APPEAL from the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, (HAYDEN N. BELL, and W. W. DEARMOND, of counsel,) for appellant.

LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county collector of Cook county made application to the county court of that county for judgment and order of sale against lands upon which the taxes for the year 1923 were delinquent. The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company filed objections to a portion of the highway tax levied by Cook county and to portions of the taxes for free text books and school playgrounds levied by the city of Chicago. The objections were sustained and judgment was refused by the county court. The county collector prosecutes this appeal.

With reference to the county taxes, it was stipulated that the ordinance by which they were levied was passed

by the board of commissioners of Cook county on May 7, 1923; that the county clerk extended the taxes after the first day of December of that year; that in making the extension he included for the county highway tax a rate of .044228 on each $100 assessed valuation in addition to the statutory maximum of fifty cents thereon for general county purposes, and that the county had prior to May 7, 1923, issued bonds for hard road purposes and levied a tax therefor. Apart from certain specific taxes not here involved, the board of county commissioners on May 7, 1923, possessed the power to levy and collect, annually, taxes for all county purposes at a rate not exceeding fifty cents on each $100 valuation. The county highway tax was included in this maximum rate. (Smith's Stat. 1921, sub-sec. 6 of sec. 25, p. 529.) By an amendment to this sub-section, which became effective on July 1, 1923, the county board was authorized to levy the county highway tax in addition to the maximum of fifty cents on each $100 valuation. (Smith's Stat. 1923, p. 562.)

Concerning the school taxes, it was stipulated that the ordinance for their levy was passed by the city council of the city of Chicago in February, 1923; that among other educational purposes it provided for the levy of taxes for free text books and school playgrounds; that the county clerk in extending the school taxes after December 1, 1923, included a rate of 1.92 for educational purposes, and in addition thereto a rate of .041948 for free text books and the same rate for playgrounds. In February, 1923, when the school tax levy was made, the city of Chicago had authority to levy taxes for free text books and school playgrounds, but it was not authorized to levy these taxes in addition to the maximum limitation of 1.92 for educational purposes. (Smith's Stat. 1921, sec. 189, p. 1804; ibid. sec. 2, p. 1823.) By amendments to these statutes, which became effective on July 1, 1923, levies for free text books and school playgrounds in addition to the maximum levy for

educational purposes were authorized. (Smith's Stat. 1923, sec. 189, p. 1920; ibid. sec. 2, p. 1942.)

Appellant contends that while the county highway, free text book and school playground taxes exceeded the maximum rates fixed by the applicable statutes at the times of their respective levies, yet the rates at which those taxes were extended were authorized, at the time of their extension, by statutes then in force, and that therefore the taxes are valid and the objections thereto should have been overruled. On the contrary, appellee insists that the validity of a tax is to be determined as of the time it is levied and not by any subsequent event, and that the amendments, which became effective on July 1, 1923, had no retrospective operation and did not authorize levies prior to that date in excess of the maximum rates permitted when the levies were made.

The power to tax is a legislative power. The levy of a tax, whether State or local, is a legislative act, which determines that a tax shall be laid and fixes its amount. Local taxation involves two distinct acts of legislation: First, that by the State giving the power to tax; and second, that by the local legislative or *quasi* legislative authority laying the tax under the power so given. (3 Cooley on Taxation,—4th ed.—secs. 1012, 1013.) Public or municipal corporations must have express authority, under the constitution or by acts of the General Assembly, to levy and collect taxes for local purposes, and they have no power to levy taxes at rates exceeding the limitations fixed by the constitution or by statutory enactments. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 Ill. 214; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 295 id. 191; *People* v. *Lake Erie and Western Railroad Co.* 167 id. 283.) In the case of local taxation, the body vested with the power to tax is charged with the duty of ascertaining and fixing the sum of money necessary for its lawful purposes, and its action in ordering or directing that sum to

be raised constitutes the levy. (*People* v. *Chicago and East-ern Illinois Railroad Co.* 313 Ill. 361; *People* v. *Cox,* 301 id. 130; *Gray* v. *Board of School Inspectors,* 231 id. 63.) Municipal corporations cannot delegate the power to tax, nor can a tax be levied by purely ministerial officers. (3 Cooley on Taxation,—4th ed.—sec. 1013.) After a tax is once levied or imposed,—*i. e.,* ordered to be laid,— further proceedings, such as extending, assessing and col-lecting the tax, are administrative. The county clerk ex-tends taxes where the levy is complete. He has no power to levy taxes nor to determine whether taxes have been legally assessed. The duties which he is required to per-form in the extension of taxes are prescribed by law, and are neither legislative nor judicial but purely ministerial in character. (*People* v. *Louisville and Nashville Railroad Co.* 311 Ill. 115; *People* v. *Opel,* 207 id. 469.) It follows that when a tax is once ordered or laid, its extension,—a min-isterial function,—must be at a rate not exceeding that authorized when the levy was made.

But it is argued by the appellant that the amendments to sub-section 6 of section 25 of "An act to revise the law in relation to counties," (Smith's Stat. 1923, p. 562) ; sec-tion 189 of "An act to establish and maintain a system of free schools," (Smith's Stat. 1923, p. 1920,) and section 2 of "An act to provide for the control, maintenance and op-eration of playgrounds by boards of education in cities hav-ing a population exceeding 100,000 inhabitants," (Smith's Stat. 1923, p. 1942,) all effective July 1, 1923, authorize the several taxes here involved as extended by the county clerk. An act of the General Assembly will not be given a retrospective effect unless the legislative intent to give it such effect clearly and unequivocally appears. (*People* v. *Chicago and Alton Railway Co.* 289 Ill. 282.) Apart from the question of its power under sections 9 and 10 of arti-cle 9 of the constitution, it will not be presumed that the legislature, by the amendment of an existing statute to per-

mit the levy of a higher rate of taxation, intended thereby to increase taxes already levied for the current year. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212.) The validity of a tax is to be determined as of the time it is levied. (*People* v. *Scott,* 300 Ill. 290; *People* v. *Illinois Central Railroad Co.* 295 id. 408; *People* v. *Chicago and Alton Railway Co. supra.*) An amendment to an existing statute which authorizes the levy of a higher maximum rate is not, in the absence of express words to that effect, retrospective in its operation, and has no application to a levy already complete so far as the tax levying authorities are concerned. The amendments to the several statutes here involved do not disclose an intention on the part of the General Assembly that they should operate retrospectively, and in the absence of such intention, clearly expressed, they will be held to operate prospectively, only. *People* v. *Chicago and Alton Railway Co. supra.*

On May 7, 1923, that part of the county highway tax extended in excess of the maximum rate of fifty cents was invalid. (*People* v. *Louisville and Nashville Railroad Co.* 307 Ill. 173; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 306 id. 467; *People* v. *New York Central Railroad Co.* 305 id. 434.) In February, 1923, the maximum limitation of $1.92 on each $100 assessed valuation for educational purposes included the taxes for free text books and school playgrounds. (*People* v. *Chicago and Northwestern Railway Co.* 308 Ill. 54; *People* v. *Louisville and Nashville Railroad Co. supra.*) These taxes, too, were extended at excessive rates. The objections to the excess in each instance were properly sustained.

The judgment of the county court must therefore be affirmed.                                   *Judgment affirmed.*