(No. 19444.—

The People *ex rel.* George F. Harding, County Collector, Appellee, *vs.* The Chicago and Northwestern Railway Company, Appellant.

*Opinion filed June 20, 1930.*

BRUNDAGE, LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellant.

JOHN A. SWANSON, State's Attorney, LOUIS H. GEIMAN, JAMES F. CLANCY, LEON HORNSTEIN, JAMES I. McCARTHY, RUTH C. NELSON, WALTER E. BEEBE, JOHN H. BISHOP, ROBERT E. TURNEY, CHARLES E. ANTHONY, and THOMAS J. DONOVAN, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The treasurer and *ex-officio* county collector of Cook county applied to the county court of that county for judgment and order of sale against lands returned delinquent because of the non-payment of the taxes levied thereon for the year 1927. The Chicago and Northwestern Railway Company filed objections to the taxes levied by the city of Chicago, the Sanitary District of Chicago and school districts Nos. 64, 89 and 91, in Cook county. These objections were overruled, judgment was rendered for the taxes found to be delinquent and the railway company prosecutes this appeal.

### The City of Chicago Taxes.

The city council of the city of Chicago made its annual levy of taxes on February 9, 1927. At that time the maximum rate of taxation for corporate purposes, exclusive of the levies for the payment of bonded indebtedness and interest and for pension funds, public library and municipal tuberculosis sanitarium, in cities having a population of 150,000 or more, was fixed by section 1 of article 8 of the Cities and Villages act (Cahill's Stat. 1925, pp. 316, 317; Smith's Stat. 1925, p. 333), at 1.85 per cent of the assessed value of the taxable property within the city. Section 18 of the general Revenue act of 1898 (Cahill's Stat. 1925, p. 2042; Smith's Stat. 1925, pp. 2149, 2150), at the same time, made one-half of the fair cash value of property the

assessed value for all purposes of taxation. After the tax levy ordinance in question had been passed but before the taxes were actually extended by the county clerk, the General Assembly, by an act effective July 7, 1927, (Laws of 1927, p. 745), amended section 18 so that the fair cash or full value of property was made the assessed value for taxation purposes. By an act approved July 8, 1927, and in force on the same day, (Laws of 1927, p. 217), section 1 of article 8 of the Cities and Villages act was amended by making, for the period of three years beginning with the year 1927, in cities of the population designated, 1.125 per cent of the assessed value, the maximum rate of taxation for corporate purposes, exclusive, however, of the particular levies stated. The county clerk extended the city taxes for general corporate purposes at the rate of 1.031393 per cent of the full or newly fixed assessed value.

The appellant contends that, by doubling the assessed value of taxable property after the city taxes had been levied, the maximum rate governing the extension of those taxes would necessarily be one-half of the former maximum rate of 1.85 per cent or .925 per cent, and that the levy of those taxes in excess of the latter rate by authority of the amendment to section 1 of article 8 of the Cities and Villages act, which likewise became effective after the city taxes had been levied, would, as to the excess, be a violation of section 10 of article 9 of the constitution which prohibits the General Assembly from imposing taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes, and that such excess would therefore be void. The appellee, on the contrary, insists that the rate applied in the extension of the city taxes was not only within the limit prescribed by the amendatory act but also was less than the maximum of 1.85 per cent permitted when the tax levy ordinance was passed because the legislature may at any time change the basis of assessment for the purposes of taxation without affecting the rate prescribed.

The city council of the city of Chicago on February 9, 1927, was vested with the power to levy taxes for general corporate purposes in the aggregate not exceeding $1.85 upon each $100 of the assessed value of taxable property within the limits of the city. The statute, at the same time, made one-half of the fair cash value the assessed value of property for purposes of taxation. It is the maximum rate authorized at the time the taxes are levied by the city council or other tax-levying body, and not the rate permitted at the time the taxes are extended by the county clerk, which controls. (*People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* 316 Ill. 410; *People* v. *New York, Chicago and St. Louis Railroad Co.* 316 id. 452). The maximum rate obviously was fixed in view of the concomitant basis of taxation, namely, the assessed value as then defined, and the rate was significant only because it had a definite relation to that basis. It is hardly conceivable that the legislature prescribed the maximum rate without regard to the fact that one-half of the fair cash value as distinguished from some other proportion or the whole was the standard to which that rate was made applicable. The limitation on the power to tax can only be made effective by the application of the maximum rate to the assessed value as both are prescribed at the time the tax is levied. If after a tax levy has been made, one of the factors, the assessed value, may be changed with respect to that levy, the imposition of a maximum rate of taxation which the municipality may not transgress is manifestly futile. The validity of a tax levy must therefore be determined as of the time it was made, for a rule which would permit its validity to be affected by subsequent legislative enactments would introduce intolerable uncertainties and complications in the tax-levying process.

In the extension of the city taxes for general corporate purposes the rate applied to the assessed value, namely, one-half of the fair cash value of the taxable property within

the city as determined by the assessors, was 2.062786 instead of 1.85 the statutory maximum. Only such portion of the levy as did not exceed $1.85 on each $100 of the assessed value of property was authorized. Nor was the unauthorized excess validated by the amendment of section 1 of article 8 of the Cities and Villages act. This amendment became effective on July 8, 1927, which was subsequent to the levy. The provision that the three-year period should begin with the year 1927 purported to make applicable to the levy in question the equivalent of a rate of 2.25 on an assessed value of one-half of the full value. The General Assembly had no power to increase the particular tax levy after it had been made for section 10 of article 9 of the constitution prohibits that body from imposing taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes. (*People* v. *New York, Chicago and St. Louis Railroad Co. supra*). It follows that the appellant's objection to the excess taxes levied by the city of Chicago for general corporate purposes should have been sustained.

### The Sanitary District Tax.

The county clerk, claiming to act in compliance with the act to amend section 2 of an act entitled "An act concerning the levy and extension of taxes," approved May 9, 1901, as amended, (Laws of 1927, p. 731), reduced the levy of the Sanitary District of Chicago, made in the year 1927, to fifteen cents on each one hundred dollars of the assessed value of the taxable property in the district. The objection which the appellant urges to this tax is that the levy should have been reduced to nine cents instead of fifteen cents and that the excess is void.

The Sanitary District of Chicago was organized under the act entitled "An act to create sanitary districts and to remove obstructions in the DesPlaines and Illinois rivers," approved May 29, 1889, (Cahill's Stat. 1927, p. 1056; Smith's Stat. 1927, p. 1146), and the appellant concedes that the board of trustees of the district passed the tax levy

ordinance in question after July 14, 1927. Prior to that time, on June 30, 1927, the Fifty-fifth General Assembly enacted Senate Bills 606, 607, 609 and 610, each of which purports to amend section 2 of the act entitled "An act concerning the levy and extension of taxes," approved May 9, 1901, as amended. The first and third of these amendatory acts were approved by the Governor on July 7, the second on July 8, and the last on July 14, 1927. All of these acts, except the one introduced as Senate Bill 609, provide that the tax levy for sanitary district purposes in sanitary districts organized under the act of May 29, 1889, shall not be reduced, in the scaling process, below the rate of nine cents on each one hundred dollars of the assessed value of the taxable property in the district. The remaining act fixes the minimum rate at fifteen cents. The appellant argues that the act last approved by the Governor, which fixes the minimum rate at nine cents, should govern and that the excess, the county clerk having applied the rate of fifteen cents, is void. The appellee, on the contrary, insists that the act which fixes the minimum rate at fifteen cents manifests the specific legislative intent while the other amendatory acts, although passed on the same day, evince only a general legislative purpose; that the former for that reason necessarily controls the latter, and that the sanitary district's levy having been reduced to the rate of fifteen cents, as authorized, the tax is valid, and the appellant's objection is without merit.

By three of these amendatory acts, the minimum rate to which the sanitary district tax levy may be reduced is nine cents, and by the fourth, fifteen cents, on each one hundred dollars of the assessed value. All of these acts are legislative expressions upon a particular subject and all were made on the same day. A minimum rate of nine cents and another of fifteen cents applicable to the same tax can not be effective simultaneously. So far as the sanitary district tax levy is concerned, the amendments cannot be har-

monized or construed together for the conflict between them is irreconcilable, and, as to that tax levy, they cannot be given effect. In this situation, the minimum rate prescribed by section 2 of the act concerning the levy and extension of taxes, as it stood at the time the tax in question was levied, with these conflicting amendments disregarded, must be applied. That rate was eighteen cents on each one hundred dollars of the assessed value.

The appellant, however, objects that the basis of taxation, namely, the assessed value, was raised by the amendment to section 18 of the general Revenue act of 1898, effective July 7, 1927, (Laws of 1927, p. 745), from one-half to the whole of the fair cash value of taxable property, and that, if the new basis is invoked, the rate must necessarily be reduced one-half. The objection is untenable. At the time the sanitary district tax was levied, the rate of eighteen cents was prescribed and the assessed value had been doubled. A tax-payer has no vested right under statutes fixing a certain proportion of the value of property as the basis for taxation, and, subject to constitutional limitations, that basis may be changed by the legislature at any time. (*People* v. *Board of Review,* 290 Ill. 467). There was in this instance no attempt by a subsequent change, either in rate or assessed value, to affect a tax levy already made. The county clerk had reduced the levy of the sanitary district to the rate of fifteen cents which was below the minimum authorized at the time the levy was made. The appellant's objection to the tax of the sanitary district was therefore properly overruled.

*The Taxes of School Districts Nos. 64, 89 and 91.*

An act as amended and in force July 7, 1927, (Laws of 1927, p. 801), provides that every elementary school district having schools teaching the first eight grades, a population of more than 1500, but not exceeding 100,000, and a school enrollment in excess of 250 pupils, in counties having a population of 500,000 or more, may, by a majority

of the votes cast at an election called for that purpose, authorize the board of education to levy an additional tax of one per cent of the assessed value of the taxable property of the district for building purposes and purchasing grounds. By another act effective at the same time (Laws of 1927, p. 803), such school districts upon a like vote may also levy a like additional tax for educational purposes. Pursuant to the provisions of these acts, each of the three school districts levied additional taxes for building and educational purposes. It is conceded that, apart from these acts, each district has the power to levy annually one-half of one per cent of the assessed value for building purposes, and one and one-half per cent of the assessed value for educational purposes, or a total of two per cent. The county clerk extended the following rates for building and educational purposes respectively: School district No. 64, 1.24 and 1.53, a total of 2.77; school district No. 89, 1.45 and 2.21, a total of 3.66, and school district No. 91, 1.50 and 2.50, a total of 4.00. It is to the portions of the respective school district levies in excess of the rate of two per cent of the assessed value that the appellant objects. The ground of its objection is that the acts under which the excess rates were levied are special laws and for that reason violate section 22 of article 4 of the constitution which prohibits the enactment of a special law where a general law can be made applicable.

The acts apply to certain school districts "in counties having a population of 500,000 or more." The only county in the State which meets or even approximates this requirement is Cook county. Hence only school districts such as are defined in the acts and are situated in that county may, when authorized in the manner specified, levy the additional taxes. While there are many school districts of the requisite population, school enrollment and instruction in the other counties of the State, yet they are denied the powers which these acts purport to confer. The discrimination

against these districts is made, not because of any difference in organization, population, number of pupils, taxable property or other relevant fact or circumstance, present or prospective, but solely because the counties in which these districts are situated lack the prescribed population. A classification of school districts based solely upon a difference in the population of counties has no rational basis, and cannot be sustained.

To justify the classification, however, it is argued that in school districts near great centers of population, the number of pupils often increases rapidly and that such districts, for that reason, require the power of additional taxation which these acts confer. The rapid growth of the number of pupils in school districts is not confined to counties of the prescribed population. School districts in other counties of the State also have had substantial increases in population and in school enrollment, and consequently encounter financial questions which the limitations upon their taxing power present. If, as is further argued, proximity to the city of Chicago causes school districts to grow rapidly in population and affords a sufficient basis for the discrimination made by these acts, then certain school districts in the counties adjoining Cook county, which are as near the city of Chicago and grow as rapidly as certain school districts in Cook county, should also be permitted to exercise the same powers. The classification made by the two acts has no justification. The acts violate section 22 of article 4 of the constitution and are void. The appellant's objections to the excess levies by the three school districts should therefore have been sustained.

The judgment of the county court to the extent that it concerns the tax levied by the Sanitary District of Chicago, is affirmed. With respect to the other taxes involved in this appeal, the judgment of the county court is reversed and the cause is remanded to that court with directions to render judgment in conformity with this opinion.

*Reversed in part and remanded, with directions.*